THE PEOPLE OF THE STATE OF ILLINOIS, Defendant in Error, *vs.* HENRY P. RASMUSSEN, Plaintiff in Error.

*Opinion filed December 21, 1927.*

1. CRIMINAL LAW—*when indictment does not charge separate felonies.* Although separate felonies may not be included in different counts of the same indictment, the same offense may be stated in different ways in as many different counts as the pleader may think necessary, provided that all the counts really relate to the same transaction.

2. SAME—*what is not ground for a change of venue.* In the prosecution of a former probate clerk for refusal to turn over fees of his office to his successor, the fact that the presiding judge is named in the State's bill of particulars as one of the persons whose money the defendant is charged with having withheld does not constitute ground for change of venue where there are no affidavits in support of the motion, as required by statute, as the result of the trial on the indictment could not in any way affect the liability of the defendant to the judge.

3. SAME—*when change of attorneys is not ground for continuance.* The mere fact that the defendant twice made a change of counsel is not sufficient ground for continuance where there was ample time to prepare for trial between the return of the indictment and the time of trial and there is no showing that the defendant's counsel was not given time and opportunity to prepare for trial, as it is incumbent on the defendant to be ready for trial and the trial will not be delayed for the defendant's own neglect.

4. SAME—*when giving of instructions on nolled charge cannot be questioned.* The giving of instructions as requested by the defendant on the subject of embezzlement, which was charged in a count which had been *nolled,* cannot be assigned as error where the bill of exceptions does not show, as claimed by the defendant, that the *nolle* was entered after the instructions had been handed to the court.

. WRIT OF ERROR to the Circuit Court of Winnebago county; the Hon. ARTHUR E. FISHER, Judge, presiding.

GEORGE T. LIDDELL, (HALL & DUSHER, of counsel,) for plaintiff in error.

OSCAR E. CARLSTROM, Attorney General, WILLIAM D. KNIGHT, State's Attorney, ROY D. JOHNSON, A. B. LOUISON, and ROBERT E. NASH, for the People.

Mr. JUSTICE DUNN delivered the opinion of the court:

Henry P. Rasmussen was charged in an indictment returned by the grand jury in the circuit court of Winnebago county with having refused to pay over to his successor in the office of clerk of the probate court of that county a large amount of money which he had collected and received as such clerk as fees of his office and costs, and other funds required by law to be received and kept by him as such officer. His trial resulted in a verdict of guilty and a judgment of imprisonment in the penitentiary. He has sued out a writ of error to review the judgment.

The first error complained of is the denial of a motion to quash the indictment, as a result of which it is charged that the plaintiff in error was tried for two distinct felonies. The indictment contained two counts, the second charging the defendant with embezzlement of the same funds which he was charged in the first with refusing to pay over to his successor in office. The rule is well settled that, although separate felonies may not be included in different counts of the same indictment, the same offense may be stated in different ways in as many different counts as the pleader may think necessary, provided that all the counts really relate to the same transaction. (*Kotter* v. *People*, 150 Ill. 441; *Bennett* v. *People*, 96 id. 602; *Lyons* v. *People*, 68 id. 271.) The two counts of the indictment were based on the same transaction. They involved the receipt

and disposition of the same sums of money, and the counts were properly joined. The State's attorney, at the conclusion of the evidence, entered a *nolle* of the second count, which was an effectual election of the count upon which he was asking conviction, and the rights of the defendant were not prejudiced.

The defendant filed a petition for a change of venue. The abstract shows in regard to this only the following: "Defendant's written application for change of venue on affidavit of the prejudice of the presiding judge, and on the further ground that the presiding judge was named in the State's bill of particulars as one of the persons whose money the defendant was charged with having withheld and embezzled. Order of court overruling application for change of venue." Neither the affidavit of the plaintiff in error on the motion for a change of venue, nor the affidavits of other persons required by the statute in support of the motion when based on the prejudice of the judge, appear in the abstract. It does not appear that the affidavits of two reputable persons, residents of the county and not of kin to or counsel for the applicant, stating that they believed the judge is so prejudiced against the applicant that he cannot have a fair and impartial trial, were filed as required by the statute. The statement that the presiding judge was named in the State's bill of particulars as one of the persons whose money the defendant was charged with having withheld and embezzled did not state a further ground for a change of venue. It did not show any interest of the judge in the event of the suit. The result of the trial on the indictment could not in any way affect the liability of the defendant to the judge.

The plaintiff in error made a motion for a continuance on the ground that his counsel was not given time and opportunity to prepare for trial. The abstract does not set out the affidavit in support of the motion for a continuance or the bill of particulars. It appears from the abstract

that the counsel for the plaintiff in error who made the
motion to quash the indictment were D. D. Madden and
M. W. Clark.   They subsequently withdrew their appear-
ance, and the appearance of William L. Pierce was entered
as counsel for the defendant.   The defendant pleaded not
guilty, and subsequently his counsel, Pierce, withdrew by
leave of the court and his present counsel, George T. Lid-
dell, was substituted.   In the absence of a showing of the
existence of the ground of the motion,—that is, that the
defendant's counsel was not given time and opportunity to
prepare for trial,—the court could have done nothing but
deny the motion.   The fact that the defendant changed his
counsel two or three times before his trial is no indication
that he was entitled to a continuance for lack of oppor-
tunity for his counsel to prepare for trial.   It may or may
not be true that counsel who was finally retained had not
a sufficient opportunity to prepare for trial.   That was a
question for proof, of which the burden rested upon the
plaintiff in error.   There had been time enough for prepa-
ration between the return of the indictment and the time
of trial.   It was the defendant's duty to be ready for trial,
and if he was not ready because of his own neglect or mis-
conduct,—if he failed to employ counsel and co-operate
with them in the preparation of his defense,—that consti-
tutes no reason for delaying the trial to give him further
opportunity for preparation which he had neglected at the
proper time.   If any excuse existed for failure to be ready
for trial at the time fixed for the trial the abstract fails
to disclose it.

The plaintiff in error also made a motion to impound
evidence.   The abstract shows the following in reference
to this motion:   "Defendant's written motion to impound
the evidence on affidavit that papers and documents to be
introduced in evidence were in the possession of the State's
attorney and not available to defendant's counsel before
trial.   Order of court overruling motion to impound the

evidence. The court: 'Owing to the numerous continuances and great delays which this defendant has already caused, the motion will be denied. The ruling, however, is made that such of the records of this county shall be available for your examination and use.' Exception." What the papers and documents to be introduced in evidence were, which were in the possession of the State's attorney, is not disclosed. We have no means of knowledge on this subject. The remark of the court seems to indicate that some county records were in question, but so far as the abstract goes, the matter is too vague to be made the basis of any order for the impounding of evidence, and the motion was properly overruled.

The plaintiff in error contends that the evidence was insufficient to sustain the verdict. The county auditor was a witness for the People, and testified that he had audited the books of the probate clerk of Winnebago county at intervals when semi-annual reports were prepared, and occasionally at other times at the request of the board of supervisors. He audited the books last at the close of the probate clerk's term, including about thirty fee books, the cash record books and the reports made by the clerk or his deputy to the board of supervisors and also to the county treasurer. He also audited the county treasurer's books so far as any payments by the probate clerk to the county treasurer were concerned. At the close of his term of office the probate clerk had in his possession $2977.33, according to the records of his office. These facts were all shown by the books of the probate clerk and the auditor had no other source of information. He also made an audit of the county treasurer's books in regard to the funds having been turned over to the county treasurer, and according to those books the amount had not been so turned over. On cross-examination he testified he took office on December 4, 1924, two years after the plaintiff in error took office. During the plaintiff in error's first two years

audits were made by C. B. Smeeten, and in part the auditor was testifying to the results of examinations made by Smeeten. He saw no reason for reviewing the work of the former auditor. On cross-examination the fact appeared that the words "Paid to the county treasurer" had been written in the fee books, and it was stipulated that those words appeared in the fee books following each of the items as shown in the State's bill of particulars and as testified to by the auditor as being amounts not so recorded in the fee books. The auditor testified that the words had been written in after he had made his final examination, which was made between December 1 and December 7 and was completed on the latter date. At that time none of the items were marked paid and there were no entries in the blank spaces opposite those items. Charles F. Brown, plaintiff in error's successor in office, testified in regard to these entries in the fee books, that he made the notation, and also similar entries opposite other items, after he had taken charge of the office of clerk of the probate court. Before doing that he had received no money on the entries, and as probate clerk he placed that entry there for his own information. Those entries, he testified, represent items that were ordered paid over to the county treasurer by order of the county board for his predecessor. The plaintiff in error contends that the records were discredited by this testimony, and for that reason the evidence was not sufficient to support the conviction. The evidence had no such effect. It merely showed that the words so written in were no part of the record left by the plaintiff in error upon the expiration of his term of office.

The State's attorney entered a *nolle* of the second count of the indictment, which charged embezzlement. A number of the instructions asked by the plaintiff in error on the charge of embezzlement were given to the jury as requested. They defined the crime of embezzlement and set out the elements of the offense. The plaintiff in error

contends that the jury could not have done otherwise than deliberate on the guilt of the defendant with respect to embezzlement, and that he was gravely prejudiced by the giving of these instructions, for which he cannot be held responsible, since the count to which they have referred was abandoned after the instructions had been handed to the judge. This question is not presented for consideration. The bill of exceptions does not show that the *nolle* was entered after the instructions had been handed to the court, and not before.

The evidence clearly established the defendant's guilt under the first count ·of the indictment, and the record does not show any error for which the judgment should be reversed.

*Judgment affirmed.*