## STERLING F. WATERS

*v.*

## THE PEOPLE OF THE STATE OF ILLINOIS.

*Filed at Ottawa November. 20, 1882.*

1. CRIMINAL LAW—*duplicity in count of indictment.*   Where a person by one united, continuous and indivisible act, steals a horse, buggy and harness, a count in an indictment for the larceny of the horse, buggy and harness is not obnoxious to the charge of duplicity.   Such act constitutes only one crime, and all the articles stolen are properly named in the same count.   If the different articles had been stolen at different times, it would present a different question.

2. To constitute duplicity in an indictment there must be joined in the same count different, separate and distinct crimes, committed at different times.   When it is but one act, fully completed at the same time, there can be no duplicity, however many or different kinds of articles of property are alleged to be stolen, and it being but a single larceny it is not error to so charge in one count in the indictment.

3. LARCENY—*presumption from possession.*   The possession of property recently stolen is evidence upon which a jury may convict the person having such possession, unless he shows the possession was honest and lawful. When such possession is shown, it devolves on the accused to rebut the presumption of guilt thus raised, by showing his possession to be innocent and rightful.

WRIT OF ERROR to the Circuit Court of Will county; the Hon. JOSIAH McROBERTS, Judge, presiding.

Messrs. HALEY & O'DONNELL, for the plaintiff in error:

A verdict of guilty as charged in a count of an indictment, means guilty of the larceny of all the property described in such count.    2 Archbold's Criminal Pr. and Pl. 373, and note.

If defendant was not guilty of the larceny of the horse, then this verdict is unsupported, without regard to the balance of the goods.   Even though guilty of outrageous conduct in obtaining possession of the horse,—even though guilty of a malicious trespass in removing and turning it loose,—

still, unless the evidence shows larceny beyond all reasonable doubt, the conviction can not stand. *Stuart* v. *People*, 73 Ill. 20; *Phelps* v. *People*, 55 id. 334; *McCourt* v. *People*, 64 N. Y. 583; *Phillips & Strong's case*, 2 East, P. C. 662; *Smith* v. *Schultz*, 1 Scam. 490; *Smith* v. *Donnelly*, 66 Ill. 464; *Rex* v. *Crump*, 1 Carr. & Paine, 656.

The instruction in respect to the possession of stolen property, stating it to be sufficient evidence of guilt unless defendant's possession is satisfactorily explained by the evidence, is erroneous. The evidence need only rebut the presumption to such an extent as to raise a reasonable doubt of defendant's guilt. The defendant is not required to establish his innocence to the satisfaction of the jury, when once a *prima facie* case is made out against him. *Comfort* v. *People*, 54 Ill. 404; *Hopps* v. *People*, 31 id. 385; *Chase* v. *People*, 40 id. 350.

The punishment for the larceny of a horse is different from that of a buggy and harness, and being so, a count charging both offences is bad for duplicity. *Barton* v. *State*, 18 Ohio, 221; *Commonwealth* v. *Symonds*, 2 Mass. 162; *Reed* v. *People*, 1 Parker's Cr. R. 481; 1 Archbold's Criminal Pl. 49, 55, 56.

Mr. JAMES McCARTNEY, Attorney General, for the People:

It is not necessary to prove the larceny of all the articles alleged to have been stolen. Archbold's Criminal Pl. (7th ed.) 161; 3 Chitty's Criminal Law, 946.

The exclusive possession of the whole or some part of property recently after the theft, is sufficient, when standing alone, to cast upon the party having such possession the burden of explaining how he came by it. 2 Russell on Crimes, 337; Phillips on Evidence, (7th ed.) 168; *Knickerbocker* v. *People*, 43 N. Y. 177; *State* v. *Brady*, 27 Iowa, 126; *State* v. *Creson*, 38 Mo. 372; *State* v. *Turner*, 65 N. C. 592; *State* v. *Williams*, 9 Ired. 140.

Two distinct crimes may be joined in one count, where one and the same act constitutes both crimes. *Ruth* v. *People*, 99 Ill. 185; 1 Wharton's Criminal Law, sec. 931; *Oleson* v. *State*, 20 Wis. 58.

A count in an indictment charging that the defendant broke and entered a shop with intent to commit a larceny, and did then and there commit a larceny, is not bad for duplicity. *Commonwealth* v. *Tuck*, 20 Pick. 356; *Commonwealth* v. *Hope*, 22 id. 1; *State* v. *Ayer*, 23 N. H. 301; *Davis* v. *State*, 3 Coldw. (Tenn.) 77.

The Supreme Court of Vermont has passed upon a case identical with the one at bar, and there held that a single count in an indictment charging the larceny of a horse, wagon and harness, was not bad for duplicity. *State* v. *Cameron,* 40 Vt. 555.

This court has before sustained a count charging the larceny of horses and harness, and no reason appears for overruling the decision. *Bennett et al.* v. *People*, 96 Ill. 602.

Mr. JUSTICE WALKER delivered the opinion of the Court:

Plaintiff in error was indicted in the Will circuit court for larceny. The first count charges him with the larceny of one horse, the property of one Barnes. The second count charges him with the larceny of one horse, one buggy and one harness, the property of the same person. On a trial the jury found plaintiff in error guilty as charged in the second count in the indictment, and fixed his term in the penitentiary at four years. It is urged that the indictment is bad, and the court erred in overruling a motion to quash. Also that the evidence fails to support the verdict, and the instructions for the People are erroneous. For these reasons a reversal is asked.

It is urged that the second count is double, as it charges the stealing of a horse, and a buggy and harness; that horse stealing constitutes a distinct offence, and the stealing

of a buggy or a harness another and different offence; that
the punishment for horse stealing is confinement in the peni-
tentiary not less than three nor more than twenty years,
whilst the punishment for grand larceny of other property is
fixed at not less than one year nor more than ten years.    It
is therefore claimed that the stealing of a horse is, under the
statute, a different and distinct crime from the stealing of a
buggy or a harness; that they are separate offences, created
by different sections of the statute, which impose different
degrees of punishment, and for that reason the count charges
two separate and distinct crimes, and is bad because of
duplicity, and the judgment should have been arrested.    In
this case there were not two crimes.    It was one united, con-
tinuous and indivisible act, consisting of the larceny of one
horse, one buggy and one harness.    It would be unheard of
to permit the people to split up such a larceny into two or
more separate crimes, and to allow as many different and
separate convictions.    To be duplicity there must be joined
in the same count different, separate and distinct crimes,
committed at different times.    When it is but one act, fully
completed at the same time, there can be no duplicity, how-
ever many or different kinds or articles of property are stolen,
and it being but a single larceny, it is not error to so charge
it in one count in the indictment.    Had the horse been stolen
at one time, and the buggy and harness at another, then
there would be force in the argument, because there would
have been two separate and complete crimes.    But by no
process of reasoning can there be held to be more than one
crime in this case.    The jury heard the evidence, and it was
for them to determine whether the accused took the prop-
erty, and if so, what was his purpose in taking it,—whether
with an honest or felonious intent.    They have found it was
with a felonious purpose, and we are satisfied the evidence
required the finding of their verdict.    Because the owner
found the horse a few hours after he was taken, not far dis-

tant from the place from which he was taken, does not necessarily rebut the presumption raised by the circumstances in evidence that it was stolen.  On the contrary, from the evidence there is scarcely a doubt that plaintiff in error, almost immediately after stealing Barnes' horse, took another horse from a buggy, turned Barnes' loose, and hitched the other horse to Barnes' buggy.  From this fact the jury could not reasonably find otherwise than he took Barnes' horse with a felonious intent.

The possession of property recently stolen is evidence upon which a jury may convict the person having such possession, unless he shows the possession was honest and lawful.  When such possession is shown, it devolves on the accused to rebut the presumption of guilt thus raised, by explaining and showing his possession to be innocent and rightful.  The abandonment of Barnes' horse, under the circumstances, does not repel the presumption that he took the horse, or that the taking was felonious.  He was seen in possession of the property almost immediately after the taking, which was evidence of the larceny, and he offered no evidence to rebut this presumption of his guilt.  In view of the entire evidence, the jury were warranted in finding the verdict they did.

Complaint is made that the court erred in refusing instructions asked by accused.  The instruction asked and given for him embraced all of the correct legal propositions contained in the refused instructions.  Nor, in view of all of the instructions given, are we able to see that the jury could have been misled.  They were fair, and stated the law correctly, and this being so, there is no ground for a reversal, and the judgment of the court below must be affirmed.

*Judgment affirmed.*