The People of the State of Illinois, Defendant in Error, v. F. Paul Baldwin, Plaintiff in Error.

Opinion filed January 4, 1935.

J. Roy Browning, of Chicago, and Lawrence A. Glenn, of Murphysboro, for plaintiff in error.

C. Edgar White, State's Attorney, and Orwin H. Pugh, Assistant State's Attorney, for defendant in error.

Mr. Presiding Justice Edwards delivered the opinion of the court.

November 7, 1933, the State's attorney of Jackson county filed an information in the county court, containing three counts, which charged plaintiff in error, who will be hereafter referred to as the defendant, with violating the Illinois Securities Law, Cahill's St. ch. 32, ¶ 254 *et seq.*

Count No. 1 charged that defendant, on January 22, 1930, as agent and solicitor for the Equitable Bond and Mortgage Company of Chicago, Illinois, sold to Grace Perry an interim certificate, issued by said Equitable Bond and Mortgage Company, for 80 shares of Class ''B'' and 20 shares of Class ''C'' of Beneficial Interest Old Colony Realty Trust, in violation of the Illinois Securities Act, Cahill's St. ch. 32, ¶ 254 *et seq.*, in that the securities so sold were defined, within such Act, as Class ''D'' securities, without the issuer of the same having filed in the office of the secretary of state the statements and documents required by the statute.

The second count was substantially like the first, the principal difference being that it was therein charged that defendant, in addition to being the agent and solicitor of the Equitable Bond and Mortgage Company, was also a broker for said concern.

In count No. 3 the averments were that defendant, as agent and solicitor in the sale of securities for the

Equitable Bond and Mortgage Company, did unlawfully sell to Grace Perry securities in violation of law, and that the securities so sold were 80 shares of Class "B" and 20 shares of Class "C" of Beneficial Interest Old Colony Realty Trust.

Defendant pleaded not guilty, trial by jury was waived, and the cause submitted to the court. After a hearing, he was found guilty upon all three counts and sentenced to pay a fine of $500 upon each of the first and second counts, while upon the third he was sentenced to pay a fine of $1,000 and committed to the State Farm at Vandalia for six months, and ordered to work out the fine, if it were not paid, at the rate of $1.50 per day. This writ of error is prosecuted to reverse such judgment.

The proof shows that about December 1, 1929, defendant sold to Miss Perry, for the sum of $500, a bond secured by a mortgage upon real estate in Chicago; that on January 22, 1930, defendant informed her that the bond had been called, took same from her and gave her, in lieu, the interim certificate referred to in the information, and paid her the accrued interest on the surrendered bond. The shares of stock called for in the interim certificate were never delivered to her. Defendant urges, as a ground of reversal, that the evidence in the record does not support a finding of guilty, under all the counts of the information.

The proof shows a single transaction; that is, that on January 22, 1930, Miss Perry surrendered her mortgage bond and received therefor an interim certificate issued by the Equitable Bond and Mortgage Company, reciting that upon its surrender, properly indorsed, the Mortgage Company "will deliver to Grace Perry or order 80 shares of Class B and 20 shares of Class C Beneficial Interest of Old Colony Realty Trust due optional with coupons attached representing all interest accruing thereon, from —— until maturity, when, if and as said securities are issued and delivered

to Equitable Bond and Mortgage Co. When said securities have been received by Equitable Bond and Mortgage Co., and are ready for delivery, notice to that effect will be transmitted to the above named holder hereof at his registered address.''

The charge in the first and second counts is that the security so sold ''was then and there an Interim Certificate issued by the Equitable Bond and Mortgage Company for eighty shares of Class 'B' and twenty shares of Class 'C' of Beneficial Interest Old Colony Realty Trust.'' In the third count the averment is, ''and the said securities so sold and offered for sale were then and there eighty shares of Class 'B' and twenty shares of Class 'C' of Beneficial Interest Old Colony Realty Trust.''

An interim certificate is a receipt issued on a subscription for stock, or a purchase of bonds or other securities, to be held until the securities sold are ready for delivery. 19 Fletcher's Encyclopedia of Corporations, p. 722. In other words, it is the promise or obligation of the issuer to deliver to the holder, when they are issued, the securities mentioned in the certificate, and is not the actual sale of the shares of stock called for by the certificate. It is merely a contract to sell and deliver when the shares are issued and delivered to the obligor.

The third count recites an actual sale of the shares of Old Colony Realty Trust, while in the first and second counts the allegation is a promise to deliver to the obligee such shares when issued and delivered to the obligor.

That the three counts relate to the same occurrence is patent upon the face of the pleading. Moreover, the proof showed a single transaction, as evidenced by the certificate. That this could not be both an actual sale of shares of stock, which would necessarily include their delivery, and an agreement or promise to deliver when they were issued and came into the possession

of the promisor, is manifest. Hence the proof which would sustain the averment of the first and second counts would not support the allegations of the third; and as all of the evidence related to the single event of January 22, 1930, the court could not find the defendant guilty, in the same transaction, of selling both an interim certificate and the actual shares of stock which the certificate recited were to be delivered "when" and "if" they were issued,—an event which might never be.

Defendant contends that the court improperly admitted in evidence certain exhibits. We are of opinion that the court's ruling in this respect was correct. It is also urged that proof of sales of securities by the defendant to other persons, within a few weeks of the dealings with Miss Perry, was incompetent. Paragraph 1, sec. 5, of the Illinois Securities Law, Cahill's St. ch. 32, ¶ 258, exempts isolated sales made in good faith by the owner, and not for the benefit of the issuer or underwriter of such security, from the operation of the Act. It was therefore competent to show other sales at or about the time of the occurrence in question, to prove that the transaction with Miss Perry was not an isolated sale, and also as tending to prove the relation of the defendant to the Equitable Bond and Mortgage Company, and that the sale charged was for the benefit of said company. *People v. Love,* 310 Ill. 558.

The court, at the conclusion of the evidence, denied a motion by defendant to compel the People to elect upon which count they would rely for a conviction. This is claimed as error.

As previously stated, it is obvious that all of the counts related to the same transaction, but which was differently charged to meet variations of proof. Where this is true, no election will be required. *People v. Dougherty,* 266 Ill. 420; *Goodhue v. People,* 94 Ill. 37. We think the motion was properly denied.

A finding of guilty was made upon each count of the information, and sentence severally imposed thereon. We have twice remarked that all of the counts charged the same offense and related to the same transaction. Indeed, the People admit such to be the fact, on page 17 of their brief and argument, stating, "the charge as made in all the counts, as to the security, was sufficient, and the charge as made was the same thing stated differently."

It is the settled law that where the same offense is set out in different counts of an information, and there is a finding of guilty, but a single sentence may be imposed upon all the counts, for the one entire offense, and it is erroneous to enter a separate judgment on each of them. *Parker v. People,* 97 Ill. 32; *In re Walsh,* 37 Neb. 454, 55 N. W. 1075; Wharton's Criminal Pleading and Practice, sec. 911, 9th Ed. And to the same effect is *People v. Routson,* 354 Ill. 573, at page 578, where the rule declared in *Parker v. People, supra,* is quoted with approval.

This question was not raised by the defendant. However, as the cause will be reversed and remanded, we deem it proper to state the rule which governs, in order that the error may be avoided at a subsequent hearing. While, generally, a reviewing court will only consider alleged errors argued or brought to the attention of the court, the rule is not inflexible; and where it is apparent that its application will result in injustice, it will not be blindly followed. *People v. Donahoe,* 279 Ill. 411, 414.

Lastly, the proposition is argued that there is no evidence or finding that defendant was above the age of 16 years, and that the court therefore improperly sentenced him to the State Farm. To warrant his commitment to such institution it was necessary, under sec. 2 of the Act in relation to the Illinois State Farm, Cahill's St. ch. 23, ¶ 249, that defendant be shown to

be above the age of 16 years. There is no direct proof as to his actual age; such fact, however, may be established by circumstances in evidence in the case. *People v. Lavendowski,* 329 Ill. 223.

It appears that defendant was the representative of the Equitable Bond and Mortgage Company; was engaged in the extensive handling of their affairs, maintained an office in Carbondale, also one at West Frankfort; that he employed subagents for his principal, and that he entered into contracts in its name. His dealings, as such agent, were those ordinarily engaged in only by an adult, and it seems a reasonable deduction that he would not have been intrusted with such business if he were a boy under the age of 16 years. It seems equally improbable that if he were under such age, Miss Perry and the other customers would have dealt with him in important matters, as his appearance would have certainly revealed his youth. While the proof as to age might well have been more definite and certain, we think the circumstances in evidence justified the inference that he was above the age of 16 years.

For the reasons stated, the judgment is reversed, and the cause is remanded.

*Reversed and remanded.*