(No. 29961.—

THE PEOPLE OF THE STATE OF ILLINOIS, Defendant in Error, *vs.* HARRY GRIFFIN, Plaintiff in Error.

*Opinion filed September 18, 1947.*

HARRY GRIFFIN, *pro se.*

GEORGE F. BARRETT, Attorney General, of Springfield, (GLEN O. BROWN, State's Attorney, of Murphysboro, of counsel,) for the People.

Mr. JUSTICE STONE delivered the opinion of the court:

Plaintiff in error, Harry Griffin, brings this cause to this court, *pro se,* on the common-law record, to review a judgment of the circuit court of Jackson county sentencing him to a term of life on the charge of murder. There is no bill of exceptions.

The record indicates that plaintiff in error was jointly indicted with one Ezra Knupp on September 18, 1931, and, after a plea of not guilty, was tried by a jury and found guilty. The life sentence followed. At the arraignment on October 7, 1931, Ezra Knupp pleaded guilty and his sentence was deferred until the disposition of the case against plantiff in error. On motion of the People over objection of plaintiff in error, Knupp was endorsed on the indictment as a witness for the People.

Plaintiff in error here contends: (1) that the indictment is insufficient, (2) that the jury erroneously failed to specify the degree of the offense, (3) that the judgment of the court failed to specify he be "imprisoned" for life, and (4) that the court erred in permitting the endorsement of Ezra Knupp as a witness and in admitting his testimony.

Five of the six counts of the indictment recite that an assault was made on one Christopher Hoppe on September 12, 1931, and that, languishing, he did thereafter die on September 13, 1931. The fourth count recites that Hoppe was assaulted on September 12, 1931, resulting in his death. The first count alleges that the assault was com-

mitted by striking Hoppe with a shot gun; the second and third counts allege that the assault was made with an axe; the fourth count alleges that the assault was made with an axe and a shot gun; the fifth count alleges only an assault, while the sixth count alleges an assault by means and instruments to the grand jurors unknown. Plaintiff in error contends that, because of the foregoing, the indictment on its face alleges separate and distinct felonies. No motion to quash was made, but plaintiff in error here contends the indictment was insufficient to support his conviction.

The rule is that, while separate felonies may not be included in different counts of the same indictment, the offense may be stated in different ways and in as many different counts as the pleader thinks necessary to meet the varying phases of evidence, provided that all counts relate to the same transaction. (*People* v. *Gotter,* 357 Ill. 214; *People* v. *McElvain,* 341 Ill. 224; *People* v. *Rasmussen,* 328 Ill. 332.) The fact that the different counts of an indictment charge the offense on different dates does not show affirmatively that they charge separate felonies, since the time of the offense may be laid at any time previous to the indictment, during the period within which the offender may be prosecuted. (*People* v. *Gray,* 251 Ill. 431.) Here there is no doubt that the different counts all relate to the same transaction, and the dates alleged are within the lawful period in which the crime could be prosecuted. In the absence of a motion to quash, plaintiff in error cannot now complain that he was misled. It also appears from plaintiff in error's argument that not all counts are complained of. A general verdict was entered in the case. Such a verdict will be presumed to be based on any good count in the indictment to which the proof is applicable. (*People* v. *Diekelmann,* 367 Ill. 372.) Since no bill of exceptions was presented to review the evidence,

we must, from the record before us, deem it to have been sufficient to meet the counts not complained of. There is no merit to the contention that the indictment was insufficient to support the judgment.

Plaintiff in error's objection that the jury failed to find the degree of murder is not well taken. Degrees of murder are not recognized by the laws of this State; thus, no such duty devolved upon the jury.

It is next contended that the judgment of the trial court was erroneous in that it did not specifically state that plaintiff in error was to be "imprisoned" for life, but directed that he be taken to the penitentiary for a term of his natural life. We have examined the judgment of the court and find it sufficient. This objection must be taken as a mere play on words and is of no consequence.

Lastly, plaintiff in error objects to the endorsement of Ezra Knupp as a witness in the cause. A motion by the People for leave to endorse the name of a witness upon an indictment and the court's ruling thereon should be preserved for review by incorporating them in a bill of exceptions, in the absence of which the alleged error in allowing the motion cannot be considered. (*People* v. *Laughery,* 396 Ill. 213; *People* v. *Jensen,* 392 Ill. 72; *People* v. *Reese,* 355 Ill. 562.) No bill of exceptions was filed in this cause.

Certain affidavits have been appended to the common-law record. Such are no part of the record and cannot be considered.

The judgment of the circuit court of Jackson county is affirmed.

*Judgment affirmed.*