(No. 35525.—

THE PEOPLE OF THE STATE OF ILLINOIS, Defendant of Error, *vs.* VIOLA ROSE, Plaintiff in Error.

*Opinion filed March 31, 1960.—Rehearing denied May 16, 1960.*

MYER H. GLADSTONE, of Chicago, for plaintiff in error.

GRENVILLE BEARDSLEY, Attorney General, of Springfield, and BENJAMIN S. ADAMOWSKI, State's Attorney, of Chicago, (FRED G. LEACH, Assistant Attorney General, and FRANCIS X. RILEY and JAMES J. GLASSER, Assistant State's Attorneys, of counsel,) for the People.

Mr. JUSTICE SCHAEFER delivered the opinion of the court:

Viola Rose, the defendant, and one Bertha Hicks were indicted for grand larceny. The court found them guilty and sentenced each of them to the State Reformatory for Women for a term of not less than one nor more than five years. The defendant prosecutes this writ of error.

At approximately 4:00 P.M. on February 3, 1958, Mrs. Katherine Ferguson, owner of a women's apparel shop in Evanston, notified the police by telephone that two negro women, whom she described as "heavy set and slopily dressed," had just left her shop after looking at dresses for over a half hour, and that a black knitted dress was missing. Officer Andrew Cooper of the Evanston police force was stopped for a red light at the street intersection near the shop. He saw the defendant and her companion run from the vicinity of the shop, get into a car and drive away. He followed the car and wrote down its license number when he received a radio message from police headquarters. Subsequently he lost the car in traffic, and radioed the license number and a description of the car to headquarters. This information was broadcast to all police units, and as a result officer Kenneth Hile and his partner stopped a car meeting that description and bearing that license number, and arrested the two occupants, the defendant and Bertha Hicks. They were taken to the police station where the car was searched and a black knitted dress was found rolled up under the front seat. At about 4:15 P.M., officer Cooper identified the two women as those he had seen running from the shop, and fifteen minutes later Mrs. Ferguson also identified the women and the dress.

At the time of this offense, larceny of property having a value of less than $50 was a misdemeanor punishable by fine or by imprisonment in the county jail for a term of not more than one year, while larceny of property of greater value was a felony, punishable by imprisonment in the penitentiary for not less than one nor more than ten years. Ill. Rev. Stat. 1957, chap. 38, par. 389.

The defendant's first contention is that the prosecution failed to prove that the value of the stolen dress exceeded $50. Mrs. Ferguson testified that she had been in the women's apparel business for twenty-seven years; that the dress in question was of organdy ribbon, an unusual fabric;

that it was an ankle-length dress made specially for her shop and that she had paid $75 for it. In response to a question as to the fair cash market value of the dress, she answered, "The fair cash price of that dress is $125.00 on February 3, 1958." The defendant points out that the prosecution failed to show when the dress was purchased, and argues that because there was no testimony that the cost of the dress, or its price, was not affected by obsolescence, depreciation or deterioration, its value was not proved.

It has often been said, in cases involving the distinction between petit larceny and grand larceny, that the criterion is the fair cash market value of the property and not its cost. (*People* v. *Todaro,* 14 Ill.2d 594; *People* v. *George,* 398 Ill. 318; *People* v. *Fognini,* 374 Ill. 161; *People* v. *Butmaw,* 357 Ill. 506.) But it has also been held that cost, together with other proof, may afford the basis for a valid finding as to value. (*People* v. *Todaro,* 14 Ill.2d 594.) Here the witness was competent to express an expert opinion as to the value of the dress. She testified to the price she paid the manufacturer. From the context and from the words she used it is clear that her testimony as to the "fair cash price" of the dress referred to a standard other than the price at which she held it for sale, and to a standard that took account of the present condition and style of the dress. In our opinion the record establishes that the value of the dress exceeded $50.

The other contention raised by the defendant is that her motion to suppress the evidence should have been sustained on the ground that her arrest, and the subsequent search of the car, were illegal. The statute authorizes an arrest by an officer without a warrant "when a criminal offense has in fact been committed, and he has reasonable ground for believing that the person to be arrested has committed it." (Ill. Rev. Stat. 1959, chap. 38, par. 657.) The narrow legal point sought to be raised by the defendant is that the officer who makes the arrest must have

knowledge of the crime that has been committed. We find it unnecessary to decide this question, because the record does not present it.

Officer Hile made the arrest. He testified that when the defendants' car was stopped, "We told them we were going to take them in for whatever it was that was radioed out." The defendant said that she asked the officer what was wrong, and "he said I would know when I got into the station." This testimony establishes only that the officer did not tell the two women why they were arrested. It does not even suggest that he did not know why they were arrested. The fact that we thus rest our decision upon the record in this case does not, of course, imply acquiescence in the legal proposition asserted by the defendant.

The judgment of the criminal court of Cook County is affirmed.

*Judgment affirmed.*