(No. 35589.—

THE PEOPLE OF THE STATE OF ILLINOIS, Defendant in Error, *vs.* BERTHA HICKS, Plaintiff in Error.

*Opinion filed May 18, 1960—Rehearing denied September 26, 1960.*

GRENVILLE BEARDSLEY, Attorney General, of Springfield, and BENJAMIN S. ADAMOWSKI, State's Attorney, of Chicago, (FRED G. LEACH, and JIM D. KEEHNER, Assistant Attorneys General, and FRANCIS X. RILEY, and JAMES J. GLASSER, Assistant State's Attorneys, of counsel,) for the People.

Mr. JUSTICE KLINGBIEL delivered the opinion of the court:

Bertha Hicks, defendant herein, was indicted jointly with one Viola Rose for larceny of a black dress of the value of $125. They were tried jointly by the court, having waived a jury trial, were found guilty and sentenced to the Illinois Reformatory for Women at Dwight, for a term of one to five years. The case is here on writ of error to the criminal court of Cook County sued out by defendant Bertha Hicks.

In *People* v. *Rose,* 19 Ill.2d 292, we affirmed the conviction of Viola Rose. In that case we held that the proof was sufficient to establish that the value of the stolen dress exceeded $50 and also held that the arrest of the defendants and the subsequent search were legal. Our holding there is decisive as to these questions on the present writ of error and it is unnecessary to discuss them here.

The only point raised here which was not determined in *Rose* is whether the evidence was sufficient to establish defendant's guilt beyond a reasonable doubt. Katherine Ferguson, the owner of the dress shop, testified that defendant and Viola Rose came into her shop and that Viola Rose said that she wanted to buy a dress for her daughter. Mrs. Ferguson showed her about twenty-five dresses which Viola Rose examined. Defendant consulted with Viola Rose about the dresses. The two women stayed in the store about an hour and left without purchasing anything. Almost immediately after the women left, Mrs. Ferguson noticed that a dress was missing and called the police. Andrew Cooper, a police officer, testified that he saw defendant and her companion run from the dress shop, get into a car and drive away. At about that time he received a message from police headquarters and he wrote down the license number of the car and attempted to follow the car but lost it in the traffic. He radioed the description of the car and the license number to headquarters and returned

to the station. Another police officer, Kenneth Hile, testified that he arrested defendant and Viola Rose shortly thereafter on the basis of information that had been broadcast by police headquarters. At the time of the arrest, defendant was driving the car. At the station the car was searched and a dress was found under the front seat. Mrs. Ferguson identified this dress as the one which had been stolen from her shop.

We are of the opinion that the evidence was sufficient to establish defendant's guilt beyond a reasonable doubt. The fact that the two women were seen running away from the dress shop immediately after the theft is a circumstance which was properly considered by the trial judge in determining the guilt of defendant. (*People* v. *Ruffin*, 406 Ill. 437.) Also, there was proof that defendant and Rose were in the shop, that they each spent considerable time looking at dresses, that they left together without buying anything, that the theft was discovered immediately after their departure, and that the dress was found in the car driven by defendant. These facts, when considered together, were sufficient to establish defendant's guilt beyond a reasonable doubt.

The judgment of the criminal court of Cook County is affirmed.

*Judgment affirmed.*