THE PEOPLE OF THE STATE OF ILLINOIS, Plaintiff-Appellee, *v.* JOHN COBETTO, Defendant-Appellant.

(No. 74-327;

Fifth District—September 29, 1975.

JONES, P. J., dissenting.

Dennis M. Huber, of Hillsboro, for appellant.

Kelly D. Long, State's Attorney, of Hillsboro, for the People.

Mr. JUSTICE GEORGE J. MORAN delivered the opinion of the court:

Defendant appeals from a conviction on each of two counts of theft over $150 in violation of section 16—1(d)(1) of the Criminal Code (Ill. Rev. Stat., ch. 38, par. 16—1(d)(1)). The trial judge imposed a single sentence of 1 to 3 years' imprisonment and a fine of $1000. The court made no mention of the separate counts when the sentence was entered.

The evidence at the trial showed the following: During the late night hours of October 14, 1973, four men, Gary Frank, Roger Dyer, James Timm and George Timm, burglarized the North Litchfield Township Building. Various items were taken, including several different types of handtools, a BB gun, a radio, a steel filing case, four log chains, a grinder, a tree trimmer and a few other items. A little later that same night, probably during the early morning hours of October 15, 1973, Roger Dyer and Frank and George Timm also burglarized the residence of Ohren Sluder. From the Sluder residence they also took various items including a rifle (with a six-powered scope), a shotgun, a broiler oven, a portable radio, and a clock.

At approximately 11 a.m., October 15, 1973, Dyer and the two Timms took the combined stolen property to defendant Cobetto's residence and there, after Cobetto viewed the items in the trunk of George Timm's car, sold the items with the exception of the clock, to John Cobetto for $100 or $105.

Both Roger Dyer and George Timm testified at the trial of John Cobetto. Neither of them, however, recalled telling Cobetto that the property was stolen from two separate burglaries or even that the property was stolen.

Four days after the sale a number of policemen with a search warrant went to the Cobetto residence. Finding no one home, they broke in the door of the Cobetto home. A number of them proceeded to search

the home while others searched outer areas. Various items were seized.

The grand jury returned a bill of indictment against John Cobetto charging three counts in violation of section 16—1(d)(1) of the Criminal Code. The first charged obtaining unauthorized control over property of Ohren Sluder, valued at more than $150. The second charged obtaining unauthorized control over property of North Litchfield Township valued under $150. The third charged substantially the same as the second count, except that more items were specified and a value of over $150 was charged. Before trial the prosecution dismissed the second count and proceeded to trial on Count I and Count III only. After the jury was sworn, defense counsel, out of the presence of the jury, moved that the prosecution elect on which count of the indictment it would proceed. Defense counsel argued that since the charges resulted from a single transaction, there was but one offense and that to allow the prosecution to proceed upon the premise that there were two offenses, would prejudice the defendant. Defense counsel also argued that in the alternative, if the court ruled that there were two offenses, they should be severed.

The court ruled that the defendant was charged with two crimes and that the State would have to prove the crimes as charged. The court also ruled that if the State proved that less than $150 was taken from each of the two owners, the defendant would stand convicted of two misdemeanors rather than a single felony.

Defense counsel filed a similar motion after the State rested its case, to which the court made a similar ruling. Defense counsel also made a motion for a directed verdict at that time, arguing that the prosecution had failed to properly prove value of the stolen property. The motion was denied. The defense elected not to present a defense.

On this appeal several issues are raised and can be stated in general as follows: (1) Whether the defendant committed two offenses; (2) whether the judge erred in allowing the prosecution to proceed under two separate counts, if only one offense was committed; (3) whether the proof of value over $150 was sufficient; and (4) whether the defendant could have been convicted as a felon, even if value of over $150 was not shown.

With respect to the first issue, the defendant argues on this appeal that since the defendant committed but one single act of receiving stolen property, he committed but one offense, regardless of the number of owners from which the property had been taken. On the other hand the State argues that since it had to prove different ownership of the property under one count than it had to prove under the other count the defendant could be charged with two separate offenses.

The trial court held the same view as did the prosecution. Twice during the trial the court ruled, out of the presence of the jury, that the defendant could be charged with and convicted of two separate offenses. This position is clearly wrong. Although the defendant obtained control of various items of property, he made but one reception. His offense was not in burglarizing the North Litchfield Township shed and then later burglarizing the Sluder home, clearly two separate wrongs, but rather in making the reception, a single act, of stolen property.

In *People v. Israel*, 269 Ill. 284, the defendant was found guilty of receiving stolen property knowing the property to be stolen. On appeal he argued that the judgment should have been arrested because two separate offenses had been charged in one count by virtue of the fact that the property he was charged as having received had been stolen from two separate owners. The court stated at 269 Ill. 284, 287-88:

"Where the offense is one act, fully completed at the same time and place, it is but one crime, however many different kinds of property may be stolen. There is no good reason why such an act may be said to constitute more than one crime because there are two or more separate owners of the property stolen. A crime is an offense committed against the public and not merely against a private citizen. Where articles of property are stolen at one and the same time and at the same place, from several separate owners, there are as many wrongs committed against private citizens as there are separate owners, but they are trespasses when so considered. As against the public such an act is but one offense or crime. To hold otherwise, a thief proven guilty of grand larceny might escape punishment therefor in the penitentiary by the splitting up of the State's cause of action into two or more separate suits for petit larceny, or he might be convicted two or more times for grand larceny for but one act or offense if the property stolen from each individual should be of sufficient value. [Citations.] In *State v. Nelson*, 29 Me. 329, and in *Smith v. State*, 59 Ohio St. 350, it is held that the same rules apply for buying or receiving stolen property knowing it to be stolen, and we know of no reason why the same rule should not apply under our statute."

The court in *Israel* cited *Waters v. People*, 104 Ill. 544, which also seems controlling here. In *Waters* the defendant was accused of stealing a horse, a buggy and a harness. The indictment charged larceny of a horse in one count, and larceny of a horse and buggy and a harness in the second count. The court stated at 104 Ill. 544, 547:

"In this case there were not two crimes. It was one united, continuous and indivisible act, consisting of the larceny of one horse,

one buggy and one harness. It would be unheard of to permit the people to split up such a larceny into two or more separate crimes, and to allow as many different and separate convictions. * * * Had the horse been stolen at one time, and the buggy and harness at another, then there would be force in the argument, because there would have been two separate and complete crimes. *But by no process of reasoning can there be held to be more than one crime in this case.*" (Emphasis added.)

In the instant case Cobetto made but one reception—"one united, continuous and indivisible act"—and can be held to only one crime.

■■ The next issue is whether the judge erred in allowing the State to proceed under two separate counts. The defendant asserts that he was prejudiced by having to defend throughout the trial as if there were two offenses, while the State was in the position of proving the singular offense by proving the facts beyond a reasonable doubt in either or both of the two counts. The defendant cites *People v. Todaro,* 14 Ill.2d 594, for the proposition that the counts could have been combined into one count in order to avoid prejudice to the defendant. The statute involved in *Todaro* made criminal the act of buying and receiving stolen property and the act of concealing stolen property. The single count of the indictment charged the defendants at the same time bought and received and aided in concealing stolen property. The question was whether it would be duplicitous to include both offenses in one count of an indictment. The court stated (14 Ill.2d 594, 604):

> "The mere fact that an indictment, in a single count, charges that the defendants at the same time received or aided in concealing property stolen from two different persons, neither renders it duplicitous and subject to a motion to quash, (*People v. Israel,* 269 Ill. 284) nor violative of the defendants' constitutional rights."

Duplicity as was pointed out in *Israel,* 269 Ill. 284, 287, involves joining in one count "different, separate and distinct crimes committed at different times." The court in *Todaro* was merely pointing out that in that case the indictment was not duplicitous; the court was not laying down a rule that in a case such as the instant case, the prosecution should be required to proceed under one count.

On the contrary, the law in Illinois is clear that in a case involving only one offense, such as the instant case, the prosecution may proceed under as many counts as are necessary to meet the variations of proof required and will not be required to elect one count or the other.

> "As to the indictment, while it is not proper to include separate and distinct felonies in different counts of the same indictment it is proper to state the same offense in different ways in as many

different counts as the pleader may think necessary, even though the judgment on the several counts be different, provided all of the counts are for felonies or all for misdemeanors." (*People v. Crawford*, 278 Ill. 134, 138.)

The same principle is reiterated in *People v. Gotter*, 357 Ill. 214, 216; *People v. Griffin*, 397 Ill. 456, 458; *People v. McMullen*, 400 Ill. 253, 255, 79 N.E.2d 470, *cert. denied*, 335 U.S. 831; and *People v. Baldwin*, 278 Ill.App. 327, 332.

In light of the facts of these cases, and the principles announced in them, we cannot say that the defendant in the instant case was prejudiced by having to defend under two counts.

■■ We next turn to the question of whether the proof of value of the property was sufficient. Penalties for theft are found in section 16—1 (e)(1), (2) of the Criminal Code (Ill. Rev. Stat., ch. 38, par. 16—1 (e)(1), (2)):

"(e) Sentence.

(1) Theft of property not from the person and not exceeding $150 in value is a Class A misdemeanor. A second or subsequent offense after a conviction of any type of theft is a Class 4 felony.

(2) Theft of property from the person or exceeding $150 is a Class 3 felony."

The theft charged in this case was not from the person, and at this point we are not concerned with whether the defendant had a prior theft conviction. Under these circumstances, the sentence imposed on the defendant is proper only if the property involved had a value in excess of $150. It is clear that "value" in the statute means "fair cash market value" and that such value must be proved by the State in order to establish a felony rather than merely a misdemeanor. (*People v. Kurtz*, 37 Ill.2d 103.) Cost is not the standard, whether it be original cost or replacement cost. (*People v. Stewart*, 20 Ill.2d 387; *People v. Rose*, 19 Ill.2d 292; *People v. Briseno*, 2 Ill.App.3d 814; *People v. Hayes*, 133 Ill.App.2d 885.) On the other hand, cost along with testimony as to the condition, quality and obsolescence or modernness may afford a basis for a finding of value at the time of the offense. *People v. Todaro*.

In the instant case none of the questions directed toward the witnesses on the issue of value referred to fair cash market value. We must therefore look at the record as a whole to determine whether the testimony concerning value which was elicited by these questions referred to original cost, replacement cost, fair cash market value or some other standard of measuring value.

Mr. Davidson, the North Litchfield Township Highway Commissioner, testified concerning the property stolen from that township's shed. At

first he testified that the "estimated cost" of the stolen property was $213. He based this statement on an estimate of "cost" that had been made by the investigating sheriff in his report of the burglary of the shed. The sheriff who had made that report did not testify at the trial nor was an explanation given as to how the sheriff had arrived at that figure. Mr. Davidson also testifed that he had no idea of what the "present value" of the property was and that it would cost over $150 to replace the stolen property.

Mr. Sluder testified concerning each item of property stolen from his residence. He stated that the "value" of the rifle would be $103; that the "value" of the shotgun would be $265, "what we paid for it"; that the watch had a "value" of $100; that the broiler oven had a "value" of $39; and that the radio probably would have a "value" of approximately $20.

From the foregoing it cannot be said that either Mr. Davidson or Mr. Sluder were testifying to fair cash market value when they responded to questions concerning the "value" of the property. Rather, the natural inference to be drawn from their testimony is that they were referring to cost for in each case they were asked to state the value of certain property and when responding they either did not state what standard they were using or they referred to "cost" or "replacement cost." Such testimony is inadequate to establish fair cash market value in view of the fact that neither testified to the condition, quality and obsolescence or modernness of any of the property. *People v. Todaro.*

Several of the stolen items were not exhibited at trial. Of the property stolen from the Sluder residence, only the radio was exhibited. Neither the rifle, the shotgun, the broiler oven, nor the watch was available for the jury to examine in order to determine its condition.

Considering all of these various factors, we must conclude that the evidence of value was insufficient to support either a conviction or sentence for theft of property of a value in excess of $150.

■■    We next turn our attention to the question of whether the defendant could have been sentenced as a felon, even if value of over $150 was not shown. The State argues on this issue that since the defendant had a prior misdemeanor conviction for theft, then even a conviction of theft of under $150 would be a felony conviction for him under section 16—1(e)(1) (Ill. Rev. Stat., ch. 38, par. 16—1(e)(1)). This issue was not raised in the trial court and therefore we will not consider it in this appeal.

■■    The trial judge in the instant case imposed a prison term of from 1 to 3 years and a fine of $1000. Although the trial judge maintained his belief throughout the proceedings that the defendant was charged with

two crimes (and could be convicted of two crimes) and although the jury found the defendant guilty on each count of theft over $150, the trial judge made no mention of the separate counts in imposing sentence. We recognize that the sentence imposed was within the statutory limits for a conviction of theft over $150. Under section 16—1(e)(2) of the Criminal Code (Ill. Rev. Stat., ch. 38, par. 16—1(e)(2)), theft of property exceeding $150 in value is a Class 3 felony. Under section 5—5—3(d)(3), (4) of the Unified Code of Corrections (Ill. Rev. Stat. 1973, ch. 38, par. 1005—5—3(d)(3), (4)) a term of imprisonment and a fine may be imposed for conviction of a felony or a misdemeanor, and under sections 5—8—1(b)(4), (c)(4) and 5—9—1(a)(1) (Ill. Rev. Stat. 1973, ch. 38, pars. 1005—8—1(b)(4), (c)(4), and 1005—9—1(a)(1)), the particular sentence imposed was proper. Nevertheless, in view of our determination that the evidence adduced on the issue of value would support no more than a Class A misdemeanor conviction, we reverse and remand this case with instructions to enter a finding of guilty of theft of property of value not in excess of $150 and to impose a sentence for a Class A misdemeanor.

Reversed and remanded with instructions.

KARNS, J., concurs.

Mr. PRESIDING JUSTICE JONES, dissenting:

I am in agreement with everything the majority says until they conclude that the People have failed to prove the fair cash market value of the property in question exceeds $150 and remand the case for imposition of a sentence for conviction of a Class A misdemeanor.

The majority have chosen to ignore the obvious in concluding that the People failed to establish the value of the property taken from both the North Litchfield Township Building and the residence of Mr. Sluder, in the aggregate, did not exceed $150 in its fair cash market value.

The majority state that the natural inference to be drawn from the testimony of the valuation witnesses is that they were referring to the cost of the several items of property. I disagree with this characterization of the valuation testimony and disagree that any such inference can be drawn from the testimony. Two witnesses gave valuation testimony, Mr. Davidson, the Township Highway Commissioner of North Litchfield Township, and Mr. Sluder, owner of the burglarized home. Any doubt as to the value of the property taken from the township building, or any question whether Mr. Davidson was talking about cost, replacement cost or value of the property, was removed by Mr. Davidson's answer to the final valuation question asked of him:

"Q. Mr. Davidson, the total value of the items that you have identified today in court as belonging to North Litchfield Township, would that value be more or less than $150 of those items that you have identified today in this courtroom?

A. I would say they would be at least $150. Replace value would be more than that."

It thus clearly appears that he was talking about present value of the tools and equipment taken (23 separate items) and not the cost of replacement.

Mr. Sluder, in his valuation testimony, made only one reference to the cost of any of the items taken from his home. He stated that his .12-gauge Ithaca double-barrel shotgun was "valued" at approximately $265, "what we paid for it." The remainder of the valuation testimony of Mr. Sluder was clearly not based on cost. He stated the *value* of the Winchester rifle was approximately $103, the *value* of the Bulova watch was $100 and the *value* of the Toastmaster broiler/oven was $39. These items in themselves total $242 and exceed the amount of $150 even if one totally discounts any value for the Ithaca shotgun and radio taken from Mr. Sluder and the 23 items of tools and equipment taken from the township building.

To say that the value of the property involved in this transaction does not exceed $150 requires that one abandon common sense in favor of stringent technicality. The majority have done this but I cannot and accordingly respectfully dissent.