(No. 48047.—

THE PEOPLE OF THE STATE OF ILLINOIS, Appellee,
v. JOHN COBETTO, Appellant.

*Opinion filed May 20, 1977.*

William J. Scott, Attorney General, of Springfield and
Kelly D. Long, State's Attorney, of Hillsboro (James B.

Zagel, Jayne A. Carr, Assistant Attorneys General, of Chicago, and Charles D. Sheehy, Jr., Project Director, Bruce D. Irish, Principal Attorney, Rolf F. Ehrmann, Staff Attorney, Illinois State's Attorneys Association Statewide Appellate Assistance Service, of Mt. Vernon, of counsel), for appellant.

No appearance for appellee.

MR. CHIEF JUSTICE WARD delivered the opinion of the court:

On April 4, 1974, the defendant, John Cobetto, was convicted by a jury in the circuit court of Montgomery County on two counts of an indictment charging the receiving of stolen property exceeding $150 in violation of section 16—1(d)(1) of the Criminal Code of 1961 (Ill. Rev. Stat. 1973, ch. 38, par. 16—1(d)(1)). The trial court imposed a Class 3 felony sentence of 1 to 3 years' imprisonment and a fine of $1,000. The appellate court reversed one count of the conviction, holding that since the defendant committed only a single act of receiving stolen property there could have been only a single offense. That court further held that the People had failed to prove that the fair cash market value of the property exceeded $150, which it said was required, and it remanded the cause with instructions to enter a finding of guilty of theft of property of a value not in excess of $150 and to impose a sentence for a Class A misdemeanor. (32 Ill. App. 3d 696.) We allowed the People's petition for leave to appeal under our Rule 315 (58 Ill. 2d R. 315).

The only question here is whether the evidence of value presented sufficiently supported the jury's determination that the value of the property described in the indictment exceeded $150. The People do not challenge the appellate court's other holding that only a single offense was involved. (The defendant did not file a brief or present oral argument in this court. He was represented by

retained counsel in the trial and appellate courts after the circuit court held that he did not qualify financially to be represented by the public defender.)

At the trial, Robert F. Dyer testified that on October 14, 1973, he and three other men had burglarized a building of North Litchfield Township, taking various hand tools, an air rifle, a radio, a steel filing case, a grinder, a tree trimmer and other items. Early the next morning he and two of the men burglarized the residence of Ohren Sluder, stealing a .22-caliber rifle with a six-power scope, a shotgun, a broiler oven, a radio, a watch, and a clock. Later that day he testified the three men took all of the stolen property to the defendant's home and sold it, with the exception of the clock, to him for approximately $100. Four days later, police, with a search warrant, seized some of the property at the defendant's home, and the defendant was later arrested.

Ralph Davidson, the highway commissioner for North Litchfield Township, in his testimony identified more than 20 tools as belonging to and having been stolen from the township, and the tools were received as evidence. The prosecutor asked Davidson whether he knew what the "total value" of the tools to the township was on the date they were stolen. The defendant's objection that the witness was not qualified to testify concerning value was overruled. Davidson answered that the "[e]stimated cost was $213 for the total amount." He admitted that this figure was taken from the sheriff's report and that he did not know the value of each item. Davidson later stated that the total value of the items identified in court as belonging to North Litchfield Township would be at least $150 and that the replacement value would be more than that. The defendant's objection that this did not properly establish value was overruled.

Ohren Sluder described the property taken from his house, but the prosecution introduced only the radio into evidence. Over objection that the witness was not qualified

to testify as to value, Sluder stated that the "approximate value" of the rifle was $103 and that the value of the shotgun would be "approximately $265, what we paid for it." He testified that the approximate value of the radio was $20, that the value of the watch was $100, and that the value of the broiler oven was $39.

The standard for determining whether the value of property at the time and place of the theft exceeded the statutory amount of $150 is the property's fair cash market value. (*People v. Kurtz,* 37 Ill. 2d 103, 110-11.) Evidence presented may be sufficient, however, to support a conviction for the felony amount, though the testimony of witnesses was not addressed precisely to the "fair cash market value." *People v. Harden,* 42 Ill. 2d 301, 306; *People v. Rose,* 19 Ill. 2d 292, 294-95; *Little v. People,* 157 Ill. 153, 154-55.

Ralph Davidson in his testimony identified 24 items of tools and equipment as the property of North Litchfield Township. He did testify, as the dissenting justice in the appellate court noted, that the total value of the items that he identified would be at least $150 and that the replacement "value" would exceed that.

Ohren Sluder testified that the value of the rifle stolen from his home was approximately $105, the value of his watch was $100 and the value of the broiler oven was $39. He said the value of the shotgun was $265, apparently referring to the gun's cost, as he said "what we paid for it."

We consider that the evidence here was sufficient to support the conviction for felony. We consider that to hold otherwise under the circumstances of this case would be sheer formalism. The dissenting justice in the appellate court remarked "To say that the value of the property involved *** does not exceed $150 requires that one abandon common sense in favor of stringent technicality." (32 Ill. App. 3d 696, 704.) The trial court's sentencing of the defendant for a Class 3 felony was proper.

For the reasons given, that part of the appellate court's judgment holding the defendant could be convicted of only one offense of receiving stolen property is affirmed and that part of the appellate court's judgment holding the evidence of value is insufficient is reversed.

*Affirmed in part and*
*reversed in part.*