(No. 44167.—)

THE PEOPLE ex rel. CHARLES EVANS, Appellant, v. JOHN TWOMEY, Warden, Appellee.

*Opinion filed September 20, 1972*

WARD, J. took no part.

CHARLES EVANS, *pro se,* appellant.

WILLIAM J. SCOTT, Attorney General, of Springfield, and LOUIS R. BERTANI, State's Attorney, of Joliet (JAMES B. ZAGEL, Assistant Attorney General, and JAMES E. GARRISON and HERMAN S. HAASE, Assistant State's Attorneys, of counsel), for appellee.

MR. JUSTICE KLUCZYNSKI delivered the opinion of the court:

Petitioner sought a writ of *habeas corpus* in the circuit court of Will County contesting the validity of his incarceration for aggravated battery. (Ill.Rev.Stat. 1969, ch. 65, par. 2.) His petition was denied and he appeals contending that the sentence under which he is now held is improper.

In his petition he alleged that he was sentenced on July 26, 1965, in the circuit court of Cook County to a term of 7 to 10 years in the penitentiary for aggravated battery. This sentence was to run consecutively with two terms of 30 to 60 years for burglary. The appellate court, however, reduced the burglary sentences to concurrent terms of 7 to 15 years and affirmed his consecutive sentence for aggravated battery. (*People v. Harper, 91*

*Ill.App.2d 179.*) He asserts that thereafter he received an institutional parole on the burglary sentences but remains in custody serving the consecutive sentence for aggravated battery. He now contends that the aggravated battery arose from the same criminal conduct which constituted burglary and that an additional sentence for battery could not be validly imposed. (Ill.Rev.Stat. 1965, ch. 38, par. 1—7(m).) He therefore requests that he be discharged on the latter conviction.

The record filed in this court does not contain the transcript of petitioner's trial. We therefore briefly summarize the facts concerning his conviction as determined by the appellate court in *Harper.*

During the early morning hours of March 18, 1965, petitioner and another man gained entry into an educational center and then a convent by means of a tunnel which connected the two buildings. As they climbed the stairs from the first floor of the convent, one of the religious sisters, awakened by the noise, came out of her room to investigate and discovered the intruders. "The man closest to her raised his arm and she could see that he was holding a long stick like a broom handle. She backed into her room and the man pursued her, striking her with the instrument he held and causing her to fall to the floor. Her assailant continued to strike her in spite of her efforts to ward off his blows with her left arm, until the sounds of approaching footsteps indicated that others in the convent had been aroused. The assailant then fled with his companion ***." (91 Ill.App.2d at 182.) Petitioner was subsequently apprehended and confessed to the illegal entry and beating.

Our recent decision in *People v. Wilson, 51 Ill.2d 302,* is dispositive of this cause. There defendant's consecutive sentences for attempted burglary and murder were affirmed for we concluded that his acts and mental state which constituted the offenses were independent and the conduct comprising the offenses was separable. Similarly,

here, the acts and mental state constituting the offenses of burglary and aggravated battery are sufficiently independent and there is no necessary relationship between these two offenses. Under these circumstances consecutive sentences may be properly imposed.

We therefore affirm the judgment of the circuit court of Will County.

*Judgment affirmed.*

MR. JUSTICE WARD took no part in the consideration or decision of this case.