THE PEOPLE OF THE STATE OF ILLINOIS, Plaintiff-Appellee, *v.* GERALD W. SWANK, Defendant-Appellant.

(No. 12108; ▮▮▮▮▮▮▮▮▮▮▮)

Fourth District—July 10, 1974.

John F. McNichols, of the State Appellate Defender's Office, of Springfield, for appellant.

Richard J. Doyle, State's Attorney, of Danville (John R. McClory, Assistant State's Attorney, of counsel), for the People.

Mr. JUSTICE TRAPP delivered the opinion of the court:

Defendant was convicted of murder and burglary upon verdicts of a jury. Concurrent sentences of 40 to 100 and 5 to 15 years were imposed respectively. He appeals both the conviction and the sentence.

Upon appeal it is urged that defendant was not proven guilty beyond a reasonable doubt; that the State's Attorney made prejudicial arguments to the jury and that the sentence was excessive.

On October 12, 1971, the rural residence of Christine and Anna Walz was forcibly broken into at about 11 P.M. Christine, aged 84, died in her bedroom as the result of strangulation, and Anna was struck and beaten. Money or jewelry was taken from each.

In the prosecution of defendant upon the charges, it was shown that property belonging to the decedent was recovered shortly after the crimes from the automobile used by defendant; that the defendant had made incriminating admissions upon admission to a veterans' hospital at about 1 A.M. following, and that defendant had signed a written confession on the day following the murder and burglary. Defendant testified in his own behalf and stated that the confession was untrue. He also presented alibi witnesses placing him at a Steak and Shake and at a gasoline station at times concurrent with the time of the offenses.

Upon the issue of prejudicial argument, the prosecution called to the jury's attention the fact that the defendant had waited until trial some 6 months following the offenses to repudiate the confession he had made on the day after the murder. Defendant contends that such argument was improper and violated his fifth amendment right to remain silent, urging the analogy to instances where a prosecutor comments upon a defendant's failure to testify at trial.

No objection to the argument was made at trial and the issue was not contained in any post-trial motion. Failure to object to improper argument generally waives the right to assert such issue on review. (*People v. Edwards*, 55 Ill.2d 25, 302 N.E.2d 306.) The record shows that a hearing on defendant's motion to suppress the confession was held. At that time, no assertion was presented by defendant upon the question of the accuracy of the confessions.

■■ Defendant cites *Griffin v. California*, 380 U.S. 609, 14 L.Ed.2d 106, 85 S.Ct. 1229. In considering the privilege against self-incrimination we cannot liken comment upon the nature and manner of defendant's testimony which he chooses to give at trial with argument directed to defendant's failure to testify at trial as in *Griffin*. Since the repudiation of the facts in the confession first occurred at trial, the argument which is here objected to constituted a fair comment upon the evidence presented

and did not impair any substantial rights cognizable under Supreme Court Rule 615.

Defendant urges that he was not proven guilty beyond a reasonable doubt. He argues that his alibi testimony was unimpeached and covered the time of the offense and necessary driving, and that the evidence did not exclude the fact that some other person may have placed the stolen items in the automobile which he used.

■■ The main thrust of the argument is that there exists a presumption of innocence and when facts may so be interpreted as to create a reasonable hypothesis of either guilt or innocence, it is required that the court accept the interpretation which would support the hypothesis of innocence. He cited *People v. Johnson*, 31 Ill.2d 321, 201 N.E.2d 367. In *Johnson*, however, one notes that all of the evidence presented to the trier of fact left a valid interpretation of facts which were consistent with innocence. Here, all of the evidence for the prosecution demonstrated guilt, while that of defendant was entirely exculpatory.

Strictly speaking, the alibi testimony was not without impeachment. A witness testified that defendant was at the service station an estimated hour later than did the alibi witness. Again, the jury might consider that upon cross-examination it developed that such alibi witnesses had refused to discuss the facts to which they might testify at the trial with the staff of the State's Attorney prior to the trial. It is proper for the trier of fact to consider the attitude and manner of testifying by the several witnesses.

Although defendant's argument seems generally in the context of the circumstantial evidence, it would actually require the jury to accept as true defendant's testimony that the confession was inaccurate and that it was to be changed and to disregard the extensive testimony that the confession was in terms given and stated by defendant.

■■ It was the function of the jury to evaluate the credibliity of the conflicting testimony and such determination is not disturbed unless it is so improbable or unsatisfactory as to justify a reasonable doubt of guilt. In *People v. Benedik*, 56 Ill.2d 306, 309, 307 N.E.2d 382, the court said:

> "It is not necessary that the jury disregard the inferences which naturally flow from this evidence, nor is the trier of fact 'required to search out a series of potential explanations compatible with innocence, and elevate them to the status of a reasonable doubt'."

Defendant's argument would require the jury to believe only the testimony of the defendant and his alibi witnesses and to disbelieve all other evidence. This record does not suggest that the jury verdict was so manifestly erroneous, or the evidence so unsatisfactory as to justify a reasonable doubt of guilt.

■■ Finally, it is argued that the sentence for murder is excessive. Under the Unified Code of Corrections, section 5—8—1 (Ill. Rev. Stat. 1973, ch. 38, par. 1005—8—1(c)(1)), the minimum sentence for murder:

"[S]hall be 14 years unless the court having regard to the nature and circumstances of the offense and the history and character of the defendant states a higher minimum term."

The trial court acted within its discretion conferred by the statute considering the violent nature of the offense. The trial court expressly noted its consideration of the evidence before concerning the defendant's moral character and personal background, together with the brutal nature of the offense and the possibility of rehabilitation. As stated in *People v. Rudolph*, 12 Ill.App.3d 420, 299 N.E.2d 129, the trial court has an opportunity to observe the defendant and the matters given in evidence, including the hearing in aggravation and mitigation, and to make a determination of the sentence to be imposed. As the prosecution points out, the defendant is eligible for parole when he shall have served 20 years less time credit for good behavior (Ill. Rev. Stat. 1973, ch. 38, par. 1003 —3—3(a)(1).) With credit for good time defendant may be eligible for parole within 11 years and 3 months. The record suggests no facts which persuade that the trial court abused its discretion.

Although not presented to the trial court or argued upon appeal we note the concurrent sentence imposed for burglary. It is the rule that in the case of crimes arising from the same course of conduct only a sentence for the more serious crime may be imposed. In *People v. Prim*, 53 Ill.2d 62, 289 N.E.2d 601, the supreme court, in affirming a conviction for murder, reversed the conviction for attempted armed robbery which resulted in the death of the victim. (See also *People v. Whittington*, 46 Ill.2d 405, 265 N.E.2d 679). The stated rationale was that the acts were not independently motivated or otherwise separable.

■■ In this case, however, defendant confessed that he had determined to burglarize the Walz residence, believing that the occupants were away. The burglary was completed upon his entering the home. In committing the murder his acts were clearly divisible and independently motivated as in *People v. Wilson*, 51 Ill.2d 302, 281 N.E.2d 626 (attempted burglary and murder); *People ex rel. Evans v. Twomey*, 52 Ill.2d 299, 287 N.E.2d 661 (burglary and aggravated battery); and *People v. Moore*, 51 Ill.2d 79, 281 N.E.2d 294 (burglary and rape).

The judgments of convictions and the sentences are affirmed.

Affirmed.

SMITH, P. J., and KASSERMAN, J., concur.