THE PEOPLE OF THE STATE OF ILLINOIS, Plaintiff-Appellee, *v.* M. C. SIMMONS, Defendant-Appellant.

(No. 74-376; )

Second District (1st Division)—July 11, 1975.

Ralph Ruebner, of State Appellate Defender's Office, of Elgin, for appellant.

Philip G. Reinhard, State's Attorney, of Rockford (James W. Jerz and Edward N. Morris, both of Illinois State's Attorneys Association, of counsel), for the People.

Mr. JUSTICE GUILD delivered the opinion of the court:

The sole issue presented in this case is whether the defendant may be convicted and sentenced for armed robbery and attempt murder. The armed robbery was committed by the defendant and others upon the proprietor of a liquor store. The attempt murder conviction and sentence was based upon defendant shooting at a police officer, shortly after the armed robbery had been committed and while the defendant was still in the liquor store.

On the evening of October 18, 1973, the proprietor of the liquor store looked out of the window and noted five black men, all of whom were masked and carrying guns. The clerk of the liquor store also noticed the five black men and called the sheriff's department and set off the silent burglar alarm. The five armed, masked black men then ran into the store and told the proprietor they wanted all of his money. The robbers went through the cash registers and removed the contents. Three of the men took the proprietor to a bedroom at the back of the store where they hit him over the head with a pistol in an attempt to have him disclose where any additional money might be secreted.

At this point a sheriff's deputy arrived at the scene and yelled, "Freeze, police." The black men then fired at the deputy sheriff; the deputy returned the fire and struck two of the men. The deputy exited the building to reload his weapon and by this time other officers arrived. Defendant, when arrested, was found to have two shotgun shells in his jacket which matched the gun which had been used to fire at the police officer. He was sentenced to two concurrent 10- to 30-year terms in the Illinois State Penitentiary.

While there may be some confusion as to the decisions in Illinois relating to convictions and sentences for multiple criminal offenses arising out of the same course of conduct in a series of closely related acts, we have no hesitancy herein in finding that the convictions and sentences for armed robbery and attempt murder were proper.

The armed robbery was committed against the proprietor of the liquor store and the attempt murder was committed against a police officer. In *People v. Prim* (1972), 53 Ill.2d 62, 289 N.E.2d 601, the defendant was charged with three counts of armed robbery against three separate individuals occurring on a Chicago Transit Authority bus. He was convicted on each of the armed robbery charges. The court stated:

"The armed robbery of the bus driver, of William Giersz and

of Ermelindo Maldonado were three separate and distinct crimes committed by different persons or the same person at different times. The same is true as to the murder of Mary Zielinski. Separate criminal acts were involved in each case and the court properly imposed separate though concurrent sentences for each offense. *People v. Raby,* 40 Ill.2d 392." 53 Ill.2d 62, 78, 289 N.E.2d 601, 610-11.

Similarly, the supreme court in *People ex rel. Evans v. Twomey* (1972), 52 Ill.2d 299, 300, 287 N.E.2d 661, considered a case where the defendant and another man gained entry into a convent. During the process of the burglary they were confronted by one of the Sisters and the defendant, or his compatriot, pursued the Sister, striking her with an instrument, causing her to fall to the floor where he continued to strike her. The supreme court stated:

"Our recent decision in *People v. Wilson,* 51 Ill.2d 302, is dispositive of this cause. There defendant's consecutive sentences for attempted burglary and murder were affirmed for we concluded that his acts and mental state which constituted the offenses were independent and the conduct comprising the offenses was separable. Similarly, here, the acts and mental state constituting the offenses of burglary and aggravated battery are sufficiently independent and there is no necessary relationship between these two offenses. Under these circumstances consecutive sentences may be properly imposed." 52 Ill.2d 299, 300-01, 287 N.E.2d 661, 663.

The most recent case of *People v. Williams* (1975), 60 Ill.2d 1, 322 N.E.2d 819, is likewise dispositive of the issue before us. In that case defendant was convicted of burglary, armed robbery and murder. In the process of forcing their way into the residence of Mr. and Mrs. Calderone where they committed the armed robbery, the defendant or his accomplice shot and killed Mr. Calderone. In affirming the separate convictions and sentences for armed robbery and murder, the court stated:

"These cases do not, however, prohibit separate convictions and sentences for armed robbery and murder, even though the activity constituting both offenses was a series of very closely related acts. * * * That shooting can be viewed as a means of removing an obstacle to their original objective of robbery, but is is also evident that at least part of their reason for killing was to avoid injury or apprehension by Mr. Calderone. We believe that such a situation is controlled by our decision in *People v. Johnson* (1970), 44 Ill.2d 463, in which we held that the convictions and sentences for burglary and rape were proper. As we

stated in *Johnson,* cases such as *Schlenger* 'were not intended to cover situations in which more than one offense arises from a series of closely related acts and the crimes are clearly distinct and require different elements of proof.' (44 Ill.2d at 475; see also *People v. Raby* (1968), 40 Ill.2d 392; *People v. Harper* (1972), 50 Ill.2d 296.)" 60 Ill.2d 1, 14-15, 322 N.E.2d 819, 826-27.

In the case before us we have two distinct, separate offenses arising out of the series of events occurring at approximately the same time. The first offense was the armed robbery committed against the proprietor of the liquor store and the second offense was the attempt murder of the police officer. These are two separable offenses and the conviction and sentence for the two offenses is proper. We therefore affirm.

Affirmed.

SEIDENFELD, P. J., and HALLETT, J., concur.