THE PEOPLE OF THE STATE OF ILLINOIS, Plaintiff-Appellee, *v.* JOHN VAINI, Defendant-Appellant.

(No. 74-268;

Third District—November 7, 1975.

James Geis and Mark Burkhalter, both of State Appellate Defender's Office, of Ottawa, for appellant.

Walter D. Boyle, State's Attorney, of Hennepin (F. Stewart Merdian, G. Michael Prall, and James Hinterlong, all of Illinois State's Attorneys Association, of counsel), for the People.

Mr. JUSTICE STENGEL delivered the opinion of the court:

Defendant, John Vaini, was convicted of two counts of felony theft following a jury trial in the Circuit Court of Putnam County and was sentenced to concurrent terms of one to three years in the penitentiary. He .appeals, contending that it was error to enter judgments of conviction on two counts of felony theft where both offenses resulted from a single act. Alternatively he contends that the evidence was insufficient to prove that the property in count II of the indictment had a fair market value in excess of $150. He also argues that the sentences of imprisonment are inappropriate in light of his prior record.

On September 13, 1973, a burglary was committed at Lambert Jones Motors, Inc., in La Salle, Illinois. Several items were taken in the burglary, including a copying machine belonging to the corporation and an employee's box of tools. On September 17, 1973, three undercover agents went to defendant's residence and purchased the copying machine, box of tools and other stolen property for $275. Subsequently defendant was charged with two counts of felony theft, one count alleging that he exerted unauthorized control over a copying machine belonging to Lambert Jones Motors, Inc., and the other count alleging that he exerted unauthorized control over a box of tools belonging to a named employee.

Defendant first argues that he committed only one theft because there was one wrongful sale of stolen property. The State contends that there were two offenses because defendant dealt with each item separately and because each item belonged to a different owner.

The test of whether a single course of conduct constitutes multiple criminal offenses has been stated to be whether the conduct is separable or whether the criminal offenses are distinct and independently motivated. (*People v. Lilly*, 56 Ill.2d 493, 309 N.E.2d 1 (1974); *People v. Prim*, 53 Ill.2d 62, 289 N.E.2d 601 (1972); *People v. Lerch*, 52 Ill.2d 78,

284 N.E.2d 293 (1972).) In *People v. Bell*, 30 Ill.App.3d 449, 332 N.E.2d 619 (3d Dist. 1975), where defendant committed an armed robbery of one victim and an aggravated battery of another, this court held that multiple convictions were proper. Even though these crimes were part of the "same transaction," the offenses were composed of separate and distinct criminal acts which were independently motivated as to each victim. See also *People v. Simmons*, 29 Ill.App.3d 911, 332 N.E.2d 684 (2d Dist. 1975).

Applying this test to the instant case, we find that the record does not support the State's contention that there were separate sales and separate, independent acts of theft. Other than the testimony of the owners of the property as to the property's value, the State's case consisted of the testimony of the agents who purchased the property at defendant's residence. The agents stated that they were taken to a bedroom, where defendant showed them the copying machine. Following negotiations as to price, the parties tentatively agreed upon a price of $100. However, defendant then took the agents to the basement and showed them several more items of stolen property, including the box of tools. After further negotiations, the parties agreed upon a price of $275 for the copying machine, the tools, and several other items.

The agent who was the actual purchaser testified that "We bargained some more and I finally purchased the Thermofax copier, the tools, the book and the dwell meter for $275.00." Another agent stated that the purchase of these several items was a "kit deal." The last agent to testify stated that defendant and purchaser "were discussing the Thermofax machine and the tools as one purchase together and again they settled on a price of $275.00 *for all of the items purchased.*" (Emphasis added.)

■■ It is clear from the foregoing testimony that the unauthorized control exerted by defendant was based on the sale of stolen property and equally clear that there was a single sale. The sale, did not involve separable and distinct criminal acts by defendant, nor can it be successfully contended that the unauthorized control exerted by defendant was independently motivated as to each individual item of stolen property.

The State also contends that there were two separate offenses because the stolen property belonged to two different owners. It has been well established in Illinois since *People v. Israel*, 269 Ill. 284, 109 N.E. 969 (1915), that where a theft of property belonging to different owners is committed at the same place and at the same time, there is but one offense. The court in *Israel* stated at page 287:

> "Where the offense is one act, fully completed at the same time and place, it is but one crime, however many different kinds of property may be stolen. There is no good reason why such an

act may be said to constitute more than one crime because there are two or more separate owners of the property stolen."

See also *People v. Todaro*, 14 Ill.2d 594, 153 N.E.2d 563 (1958); *People v. Koblitz*, 401 Ill. 224, 81 N.E.2d 881 (1948); *People v. Cobetto*, 32 Ill. App.3d 696, 336 N.E.2d 505 (1975). See generally Annot., 37 A.L.R.3d 1407, 1408 (1971).

■■ Inasmuch as the evidence showed a theft accomplished by a single sale of property, we consider the rationale of *Israel, supra,* to be controlling. The fact of different owners does not render defendant's wrongful act against the property itself as separable and distinct acts, nor does this fact alone demonstrate that defendant committed independently motivated acts of theft against each item of stolen property. The sale of stolen property was one continuous and indivisible act, and is but one offense, notwithstanding the fact of different owners. Accordingly, we reverse defendant's conviction for felony theft on count II of the indictment.

Defendant also contends that there was insufficient evidence as to the value of the property in count II. Because of our disposition of that count, it is not necessary to consider this contention.

Defendant's final contention is that the sentence of imprisonment is inappropriate in light of his age (21) and lack of prior convictions. He urges this court to reduce his sentence to probation.

In *People ex rel. Ward v. Moran*, 54 Ill.2d 552, 301 N.E.2d 300 (1973), our Supreme Court held that Supreme Court Rule 615 did not empower reviewing courts to reduce sentences of imprisonment to probation, basing its decision on article 117 of the Code of Criminal Procedure of 1963 (Ill. Rev. Stat. 1971, ch. 38, § 117—1 *et seq.*) and relevant portions of the Illinois Constitution. The Unified Code of Corrections, effective January 1, 1973, classified probation as a sentence. (Ill. Rev. Stat. 1973, ch. 38, §§ 1005—1—18, 1005—1—19, 1005—6—1 *et seq.*) Since this statutory change, one court has held that courts of review are no longer precluded from reducing a sentence of imprisonment to a sentence of probation. *People v. Rednour*, 24 Ill.App.3d 1072, 322 N.E.2d 492 (5th Dist. 1974).

■■ Regardless of the substantive effect of these statutory changes, we have repeatedly stated that sentences should be reviewed with caution and circumspection. (*People v. Meyer*, 30 Ill.App.3d 673, 332 N.E.2d 606 (3d Dist. 1975).) The trial court is ordinarily in a better position to decide the appropriate disposition, and we will not disturb that court's determination unless the record indicates an abuse of discretion. (*People v. Cross*, 27 Ill.App.3d 785, 327 N.E.2d 81 (3d Dist. 1975).) We have carefully read the record and considered relevant evidence, including

250

the mitigating factors presented by defendant at the sentencing hearing. We do not believe that the court's denial of probation and imposition of the minimum term of imprisonment was an abuse of discretion. *People v. Cather*, 21 Ill.App.3d 36, 313 N.E.2d 533 (3d Dist. 1974); Ill. Rev. Stat. 1973, ch. 38, § 1005—6—1.

Accordingly, the judgment of the Circuit Court of Putnam County as to count I of the indictment is affirmed, and the judgment and sentence as to count II is reversed.

Affirmed in part; reversed in part.

STOUDER, P. J., and ALLOY, J., concur.