THE PEOPLE OF THE STATE OF ILLINOIS, Plaintiff-Appellee, *v.* RICHARD MANNING, Defendant-Appellant.

Third District   No. 76-148

Opinion filed March 31, 1977.

878

BARRY, J., dissenting.

Mary Robinson and Robert Agostinelli, both of State Appellate Defender's Office, of Ottawa, for appellant.

Edward Petka, State's Attorney, of Joliet (Robert Mueller, Assistant State's Attorney, of counsel), for the People.

Mr. PRESIDING JUSTICE ALLOY delivered the opinion of the court:

Defendant Richard Manning appeals from the judgment of the Circuit Court of Will County, following a jury trial, in which he was convicted on two counts of unlawful possession of a controlled substance, and one count of burglary. The trial court entered judgment on two separate counts of unlawful possession of a controlled substance and, also, on the one count of burglary, and sentenced defendant to concurrent terms of not less than 4 nor more than 8 years on each of the possession convictions and not less than 1 year nor more than 5 years on the burglary conviction.

On appeal in this court, defendant contends that it was error for the trial court to enter judgment of conviction and sentence on the lesser offense of burglary since it arose from the same continuous course of conduct that resulted in the convictions for unlawful possession of controlled substances. Defendant also contends that it was error for the trial court to enter judgments of conviction and sentences on both of the two counts of unlawful possession of a controlled substance, since there was only a single act of possession and, consequently, only one crime. It appears from the record that during the early morning hours of May 15, 1975, following a burglar alarm call, police officers entered the Osco portion of a Jewel-Osco retail store complex which was closed to business and separated from the Jewel section by a locked gate. The police found defendant inside the Osco drug store. When he was searched, he was found to be in possession of an assortment of pharmaceutical pills and capsules, later determined to include 343.8 grams of amphetamines and 240.3 grams of barbiturates.

■■ From the record it appears that the burglary arose from the

same course of conduct as the unlawful possession offenses. Defendant had obviously either entered or secreted himself in the premises for the purpose of stealing items in the drug store. Under the precedent of *People v. Lilly* (1974), 56 Ill. 2d 493, 309 N.E.2d 1, the supreme court of this State determined that a person may not be convicted of multiple offenses which arise out of a single course of conduct. As we have noted in *People v. Vaini* (3d Dist. 1975), 33 Ill. App. 3d 246, 337 N.E.2d 234, the test of whether a single course of conduct constitutes multiple criminal offenses is whether the conduct is separable or whether the offenses are distinct and independently motivated. If the multiple offenses arise out of the same course of conduct, the conviction for the lesser offense must be reversed and judgment and sentence entered only on the most serious offense. (*People v. Williams* (1975), 60 Ill. 2d 1, 322 N.E.2d 819). It is not significant that the offenses involve different elements of proof. *People v. Williams* (1975), 60 Ill. 2d 1, 322 N.E.2d 819—armed robbery and burglary; *People v. Johnson* (1st Dist. 1975), 28 Ill. App. 3d 799, 329 N.E.2d 464—rape, robbery and burglary.

In the instant case, obviously, defendant unlawfully remained on the premises for the purpose of stealing. There is no evidence in the record of independent motivation for the acts of burglary and possession of the drugs. Under the circumstances, therefore, it was error for the trial court to enter judgment of conviction and sentence on all three verdicts and, clearly, the conviction for the lesser offense of burglary should be vacated.

On the issue of whether the trial court properly entered judgments of conviction and sentences on the two counts of unlawful possession of a controlled substance, we conclude that there was apparently only a single uninterrupted act from the unlawful entry to the possession of drugs which, in fact, involved many items, totaling approximately 24 different groups of pharmaceutical pills. We have noted, although a variety of pharmaceutical substances may have been in possession, the possession all developed from a continuous transaction. We see such activity as an indivisible course of conduct, and, consequently, convictions of two offenses of possession arising out of a single course of conduct are not proper nor are separate sentences authorized. (*People v. Lilly* (1974), 56 Ill. 2d 493, 309 N.E.2d 1; *People v. Cox* (1972), 53 Ill. 2d 101, 291 N.E.2d 1; *People v. Gibson* (2d Dist. 1975), 30 Ill. App. 3d 555, 333 N.E.2d 549.) The test of whether a single course of conduct constitutes multiple criminal offenses is whether the respective elements of the conduct are separable or whether the offenses committed are distinct and independently motivated. *People v. Vaini* (3d Dist. 1975), 33 Ill. App. 3d 246, 337 N.E.2d 234; *People v. Cobetto* (5th Dist. 1975), 32 Ill. App. 3d 696, 336 N.E.2d 505.

As the supreme court stated in *People v. Israel* (1915), 269 Ill. 284, 109 N.E. 969, one act of theft was but one offense irrespective of the fact that the stolen property consisted of different kinds of property belonging to different individuals. The court emphasized that there is only one act fully completed at the same time and place and that it, therefore, results in one crime, however many different kinds of property may be stolen. Defendant here committed a criminal offense in taking pills and capsules from the drug store. We find nothing in the evidence which would support a conclusion that defendant committed independently motivated acts of possession as to each category of stolen drugs. There were no nonpharmaceutical prohibited substances found in his possession.

This case is not analogous to the situation where sales are made knowingly of multiple types of drugs. In that situation, there could be separate offenses because of independent motivation. The parties clearly know that they are handling specific separate transactions. There is nothing in the record to indicate that defendant desired to possess the drugs for the purpose of resale or delivery. It appears that if defendant had been so motivated, the heterogeneous assembly of brands and dosages would have been to his disadvantage since he could easily have taken a marketable quantity of differentiated substances by merely procuring a selection of entire bottles of drugs. It appears from the record that in the single, indivisible act, he simply seized a sampling of assorted drugs. There was no differentiation of the motley assortment of pharmaceuticals in the manner in which he possessed them, and there was no evidence that defendant possessed knowledge which would permit him to differentiate the substances found on or about his person. To rationalize a selective category of two classes of controlled substances as being knowingly selected is purely speculative and not based on anything in the record.

■■ If defendant had been charged in 24 counts for the theft of 24 packets of drugs it would be absurd to contend that he should be convicted and sentenced on the 24 charges. This would be the logical consequence of the application of the theory advanced by the State to support the two controlled substances convictions. We, therefore, conclude that defendant engaged in only one course of conduct, that is, to possess drugs. As a consequence, defendant's conduct constituted only one crime, and there should be only one judgment of conviction. *People v. Holliman* (2d Dist. 1974), 22 Ill. App. 3d 95, 316 N.E.2d 812.

For the reasons stated, therefore, the judgment of the Circuit Court of Will County convicting defendant of the offense of burglary is vacated and, likewise, the judgment and conviction in the circuit court and the sentence imposed as a consequence thereof involving the count charging defendant with possession of 200 grams or more of a derivative of

barbituric acid in violation of section 402 of the Illinois Controlled Substances Act (Ill. Rev. Stat. 1973, ch. 56½, par. 1402(a)(5)) is likewise vacated. The conviction of defendant for unlawful possession of a controlled substance, being 200 grams or more of amphetamines, contrary to Ill. Rev. Stat. 1973, ch. 56½, par. 1402(a)(6), and the sentence imposed thereon of not less than 4 nor more than 8 years is affirmed.

Affirmed as to one conviction and sentence. Judgments of convictions and sentences for burglary and a second count of possession of controlled substances are vacated.

STOUDER, J., concurs.

Mr. JUSTICE BARRY, dissenting:
Although I agree with the reversal of the judgment of conviction for burglary by the majority, I must disagree with the reversal of one judgment of conviction for the unlawful possession of a controlled substance. The majority reasons that there was "only a single uninterrupted act from the unlawful entry to the possession of drugs * * *." This position is, I believe, a result of a misconception of the law.

The only cases cited by the defendant are cases involving the theft of different types of property. The majority picked up on this argument, relying on *People v. Israel* (1915), 269 Ill. 284, 109 N.E. 969. Clearly, if a person stole a car and a boat at the same time, there would be only one theft even if the car and boat had different owners because there was only one act of theft.

On the other hand, the offenses in issue here are the possession of two different kinds of drugs where the statute defines and schedules the possession of each as a separate offense. (Ill. Rev. Stat. 1973, ch. 56½, pars. 1402(a)(5) and 1402(a)(6).) The act of possession of one type of drug is not an act of possession of any other type. Therefore, a defendant may be convicted of more than one unlawful possession if caught with more than one type of controlled substance in his or her possession. The defendant agrees that, under the "usual" drug possession circumstances, a person may be convicted of two or more drug offenses. However, the defendant argues that this case presents an unusual situation because there was no time for the defendant to differentiate between the various substances stolen. I disagree.

Although knowledge is an essential element of the offense of unlawful possession of a controlled substance (Ill. Rev. Stat. 1973, ch. 56½, par. 1402), the defendant's knowledge of the nature of the drugs in his possession may be inferred from the evidence. *People v. Harris* (1972), 52 Ill. 2d 558, 288 N.E.2d 385.

When the defendant was apprehended, the police found a great number of pharmaceutical pills in the lining of his jacket and on the floor underneath his body. I believe this court should take judicial notice of the fact that, of those pills which were identifiable by brand name, *all*, without exception, were "uppers" or "downers". From this evidence a jury could reasonably infer that the defendant knew he possessed more than one type of controlled substance. Furthermore, the defendant remained in the store after closing, rather than breaking into the store. From this fact, a jury could reasonably infer that the defendant had an opportunity to determine which drugs he wanted to take and, therefore, that he knew what types of drugs were in his possession.

Accordingly, I would have affirmed the judgment of the Circuit Court of Will County convicting the defendant of two counts of possession of a controlled substance, while reversing the judgment of the same court on the burglary conviction.