THE PEOPLE OF THE STATE OF ILLINOIS, Plaintiff-Appellee, *v.*
JOHN A. SONGER *et al.*, Defendants-Appellants.

Third District   No. 76-247

Opinion filed May 9, 1977.

Robert Agostinelli and Mark Burkhalter, both of State Appellate Defender's Office, of Ottawa, for appellants.

Michael Mihm, State's Attorney, of Peoria (James E. Hinterlong and John X. Breslin, both of Illinois State's Attorneys Association, of counsel), for the People.

Mr. JUSTICE STOUDER delivered the opinion of the court:

After a jury trial, the defendants, John Songer and George Yelliott, were found guilty of felony theft and each of the defendants was sentenced by the circuit court of Peoria County to a term of from 3 1/3 years to 10 years to the Department of Corrections.

On this appeal the first issue presented is the argument of defendants that the evidence of the value of the property which is the subject of the charge was insufficient to support the jury's conclusion that it was worth more than $150, a necessary element of the offense of felony theft. The second issue presented on this appeal is the claim of George Yelliott, one of the defendants, that the evidence is insufficient to establish his guilt beyond a reasonable doubt.

The defendants Songer and Yelliott were jointly indicted in each of two counts charging felony theft. The first count in substance charged the defendants with obtaining control of stolen property of John Hoerner, the

property consisting of a set of sterling and a movie camera. Count two of the indictment in substance charged the defendants with exerting unauthorized control over property belonging to Harlen Stratton, the property being described as a medical bag and various items of medical equipment. The offense charged in count one can be generally described as that of receiving stolen property, while that described in count two may be characterized as the taking of property of another. After a jury trial, each of the defendants was found guilty of each of the counts of the indictment. After the verdicts were returned and judgments entered thereon, the defendants moved in arrest of judgment for the vacation of their convictions on count one, alleging that both offenses grew out of the same act or conduct. The trial court granted the defendants' motion and vacated their convictions on count one of the indictment. In a companion appeal, *People v. Songer*, 48 Ill. App. 3d 748, 362 N.E.2d 1131, the People have appealed questioning the propriety of the court's action granting the motion in arrest of judgment. We are not concerned with that issue on this appeal as it will be considered in a separate opinion. On this appeal we are concerned only with the issues arising out of the judgments against the defendants on count two of the complaint.

Doctor Harlen Stratton testified he was away from his Peoria apartment during the week of the Thanksgiving holidays, namely, from November 22 through November 29, 1975. When he returned he discovered that some property was missing from the apartment. He described the missing property as a medical bag containing items of medical equipment, which property he identified in open court. John Hoerner also testified that property was missing from his apartment while he was away during the Thanksgiving holidays and he identified a set of sterling silver and a camera as property taken from his apartment. David Reynolds, a Peoria Police Officer, testified that acting under a search warrant he searched the premises at 1424 N.E. Adams in Peoria, Illinois, on December 6, 1975, and had found in the apartment the property described by Hoerner and Stratton, as well as property taken from other persons.

The first issue we shall consider is the defendants' claim that the evidence of the value of the stolen property is insufficient to show that the property was worth more than $150 as is required for the offense to be felony theft. According to the defendants, in default of such evidence, the offense should be considered a misdemeanor and the case remanded for resentencing as a misdemeanor.

In *People v. Brown*, 36 Ill. App. 3d 416, 420-21, 343 N.E.2d 700, 703, the court observed that "[t]o sustain a felony conviction for theft, rather than a misdemeanor, the value of the stolen property must be proven to be in excess of $150. [Citations.] The criterion used in determining value in theft cases is the fair cash market value at the time and place of the theft.

[Citations.] Cost is not the standard, whether it be original cost or replacement cost."

To establish the value of the medical bag and equipment the People presented the testimony of Doctor John Otten. Otten was not the owner of the medical items, but he offered the opinion that the fair cash market value of the items was $340. Doctor Stratton, the owner of the medical equipment, was not asked about its value. Doctor Otten testified that although he used similar equipment in his practice, he had not had frequent occasion to replace any of it and had not had occasion to purchase similar used equipment. Otten believed that used medical equipment could be sold, but he was unaware of any outlet for the sale and purchase of such equipment.

■■ The objections of the defendants to the value testimony are twofold. First, they contend Otten was not qualified or competent to express an opinion on the value of the medical equipment. Second, they argue his expression of opinion was not that of fair cash market value. With respect to the first objection the defendants argue that Otten was not a dealer in medical equipment, was unaware of any market in used medical equipment, and had only purchased similar medical equipment infrequently and then not in a used condition. While we agree with the defendants that the witness was only familiar with the purchase and sale of medical equipment as a consumer, we believe that such familiarity constituted a sufficient basis for forming and expressing an opinion on the value of the medical items. The diminished experience which the witness Otten had in the area of valuing medical equipment was a matter of credibility and not one of competence.

■■ So far as the other objection of defendants is concerned, namely that the witness did not proffer or present an opinion as to the fair cash market value of the medical equipment, we also believe that this objection is not well taken. Defendants assert the value expressed by the witness was merely that of replacement cost. However, an examination of the testimony does not support such an assertion. So far as the record is concerned, it appears that the witness's opinion was based at least in part on the cost of similar medical equipment with allowance for its condition and newness. Some of the equipment was described as being fairly new while other items were considered old. It is clear the witness considered these elements in arriving at his opinion on the fair cash market value of the items. (See *People v. Todaro*, 14 Ill. 2d 594, 153 N.E.2d 563.) We believe the evidence of value was sufficient to support the jury's verdict that the value of the property was in excess of $150.

This brings us to the next assignment of error urged by the defendant Yelliott. According to Yelliott the evidence is insufficient to establish his guilt beyond a reasonable doubt.

According to the theory of the People, Yelliott was a co-tenant with Songer in the apartment where the stolen property was found. Being a co-tenant of the apartment, Yelliott was in constructive possession of the property situated in the apartment, including the stolen property located there. An inference of guilt would then arise from the evidence of recent, exclusive, unexplained possession of stolen property by the accused, either singly or jointly with others absent other circumstances. *People v. Reynolds*, 27 Ill. 2d 523, 190 N.E.2d 301.

■■ Since there was no evidence of actual possession of the stolen property by the defendant, then any consequences dependent on possession must arise from proof of constructive possession of such property by the defendant. It is defendant's claim that such evidence of constructive possession is unsatisfactory and insufficient.

■■ A person is in constructive possession of an item when such item is in a place which is under his immediate and exclusive control. (*People v. Bedford*, 78 Ill. App. 2d 308, 223 N.E.2d 290.) Such control may be shared with others and still be exclusive. *People v. Wheeler*, 5 Ill. 2d 474, 6 N.E.2d 228.

Conceding that the foregoing rules applicable to constructive possession are valid, the defendant nevertheless argues the evidence is insufficient to establish his co-tenancy of the apartment or his voluntary possession of the stolen property as a co-tenant. We do not agree.

■■ It is true the evidence regarding the defendant's constructive possession of the apartment as a co-tenant is circumstantial. The evidence consisted mainly of three situations or circumstances. One witness testified that she rented an apartment to Yelliott and Songer, that the two were roommates, and that they ended the tenancy of her apartment on November 29, 1975, and left together. A second witness testified that he rented the apartment in which the stolen goods were discovered to Songer and that Songer took possession of the apartment on November 29, 1975. At the time he visited the apartment another person was present, although this witness did not identify the other party. The second area of evidence on this aspect of the case related to the testimony of a witness from the electrical utility company. He testified that a person identifying himself as Yelliott called the utility company requesting service in Yelliott's name at the N.E. Adams Street apartment. Finally, a general assistance application form was found in the apartment with Yelliott's name on it.

■■ We believe all of the foregoing evidence had probative value in establishing that defendant was a co-tenant of the apartment. How much probative value such evidence has is of course up to the jury and we find no requirement, as contended for by defendant, that such evidence conclusively establish his co-tenancy.

■■■ According to the testimony of a police officer who questioned Songer at the police station, it was the latter's statement that the stolen property had been brought to the apartment by a person named Peterson. According to the police officer, Songer indicated that he knew the property was stolen and also thought that he should not have let Peterson bring the property to the apartment. Notwithstanding the defendant's contention to the contrary, we do not see how such evidence precludes the ordinary inference of constructive possession which flows from the control of the premises exerted by the defendant as a voluntary co-tenant of the apartment. Not only does such evidence support Songer's constructive possession of the stolen property, a conclusion which is not disputed on this appeal, but by aiding and describing the circumstances for the property being in the apartment, the evidence aids in establishing a relationship between defendant and the stolen property. In conclusion, we hold the evidence is sufficient to support the jury's verdict.

For the foregoing reasons the judgments of the circuit court of Peoria County are affirmed.

Judgments affirmed.

STENGEL, P. J., and SCOTT, J., concur.