THE PEOPLE OF THE STATE OF ILLINOIS, Plaintiff-Appellant, *v.* JOHN SONGER *et al.*, Defendants-Appellees.

Third District   No. 76-321

Opinion filed May 9, 1977.

Michael Mihm, State's Attorney, of Peoria (James E. Hinterlong and John X. Breslin, both of Illinois State's Attorneys Association, of counsel), for the People.

Robert Agostinelli and Mark Burkhalter, both of State Appellate Defender's Office, of Ottawa, for appellees.

Mr. JUSTICE STOUDER delivered the opinion of the court:

The defendants, John Songer and George Yelliott, were jointly charged by indictment with two counts of theft. The first count of the indictment charged the defendants with receiving stolen property belonging to John Hoerner, the property being described as a sterling silver set and a movie camera. The second count of the indictment charged the defendants with taking the property of Harlen Stratton, the property being described as a medical bag and medical equipment. The charges were tried together and after a jury trial each of the defendants was found guilty of each of the offenses. The defendants filed a motion in arrest of judgment asserting that because only one act was involved, only one judgment of conviction and sentence was proper. The circuit court of Peoria County granted the motion as to count one of the indictment and entered a judgment of conviction and sentence only on count two of the indictment. The defendants were each sentenced to a term of from 3 1/3 years to 10 years to the Department of Corrections. The People have appealed from the trial court's order refusing to enter judgment and sentence on count one of the indictment.

This is a companion case to *People v. Songer*, 48 Ill. App. 3d 743, 362

N.E.2d 1127. In that case the defendants are the appellants and they have appealed their judgment and sentence on count two of the indictment. For a fuller statement of the facts the opinion of this court in that case should be consulted. The principal issue raised on this appeal involves the nature of the alleged offenses as they relate to the underlying conduct of the defendants. Count one in substance charges the receiving of stolen property of John Hoerner in violation of section 16—1(d)(1) of the Criminal Code of 1961 (Ill. Rev. Stat. 1975, ch. 38, par. 16—1(d)(1)). Count two charges the taking of property belonging to Harlen Stratton in violation of section 16—1(a)(1) (Ill. Rev. Stat. 1975, ch. 38, par. 16—1(a)(1)).

For the purposes of this appeal it is sufficient to say that the evidence showed that Hoerner and Stratton occupied different apartments in Peoria, Illinois, and that sometime during the last week in November 1975 property of each was taken from his apartment. There were several other thefts from other apartments at about the same time, but these thefts are not involved in the instant case. On December 6, 1975, a search warrant was executed by a Peoria police officer and the property belonging to Hoerner, Stratton and the other owners was discovered in the apartment located at 1424 N.E. Adams, Peoria, Illinois. The foregoing facts are undisputed. Since the defendants were not in actual possession of the stolen property and not in the apartment at the time the stolen property was recovered, the principal issue at the trial was whether the defendants were in constructive possession of the property because they were the apartment tenants. As indicated earlier, the jury found the defendants guilty of both offenses.

■■ The first issue raised on this appeal requires a brief comment. This appeal has been filed by the People under Supreme Court Rule 604(a)(1) (Ill. Rev. Stat. 1975, ch. 110A, par. 604(a)(1)). According to the People, the substantive effect of the court's ruling is a dismissal of count one pursuant to section 114—1 of the Code of Criminal Procedure of 1963 (Ill. Rev. Stat. 1975, ch. 38, par. 114—1), a reason for authorizing an appeal by the People under Rule 604(a)(1). The defendants argue that the appeal is improper because the substantive effect of granting the defendants motion was to acquit them of the charges on count one. We find no merit to defendants' claim that the trial court in effect acquitted them of the charges in count one and accordingly we hold the appeal by the People is authorized. The People argue that the separate counts of the indictment charge neither the same crime nor different crimes based on the same act. According to the People, the counts charge separate offenses based on the proof of separate facts which constitute different elements of the different offenses. We agree.

One of the leading cases dealing with the subject of when one act

constitutes only one offense is *People v. Lilly,* 56 Ill. 2d 493, 309 N.E.2d 1. In *Lilly* the court held that the offenses of rape and indecent liberties were based upon but one act and consequently, conviction and sentence on only one offense was proper. The trial court in the instant case believed that the reasoning in the *Lilly* case required the result which he reached. In our opinion this case does not involve merely a single act and consequently the result reached in *Lilly* is not appropriate to the instant case.

■■ The trial court recognized the charges represented alleged violations of different statutory provisions and in fact two types of theft. However, he further believed that to be separate and distinct offenses based on different acts, the offenses should have independent sources of misconduct. We believe they do. The confusion arises in this case because of the nature of the evidence.

■■ As is pointed out by the People, the joinder of the charges creates an initial problem susceptible to misinterpretation. Generally speaking, thefts of different property which take place at different times and at different places do not constitute a single transaction requiring that they be tried together, in fact if so requested by defendant, separate trials would be required. For example, if the defendants had been charged with taking the property of Harlen Stratton at one time and place and also charged in a separate indictment with the taking of property of John Hoerner at another time and place, there can be little doubt that each offense could be tried separately and neither an acquittal nor conviction of one offense would be a bar to a conviction on the other. In each case the inference arising from the recent unexplained possession of the goods stolen would tend to prove the offense charged, and it would be immaterial that the stolen goods were possessed in common with other stolen goods.

Another hypothetical example might be appropriate in analyzing the facts of the instant case. Suppose the defendants had been charged in one count with the taking of the Stratton property and in another count with the receiving of the stolen property belonging to Stratton. Under these circumstances the "receiving offense" would be a lesser included offense in the "taking offense." While the defendants might be found guilty of either of the offenses, convictions of both would be inappropriate.

One other state of facts is possible which should be mentioned and that is the case where an accused is charged with receiving stolen property belonging to several persons where there is common possession of the stolen property as a whole. This is the state of the facts in *People v. Cobetto,* 32 Ill. App. 3d 696, 336 N.E.2d 505, where the court held that only one offense had been committed. The *Cobetto* case is presently on leave to appeal to the Illinois Supreme Court seeking a review of issues

other than that relating to the one offense ruling of the appellate court.

Gathering the strands together from the foregoing paragraphs, we conclude that the taking of one person's property at a particular time and place is a different offense from receiving the stolen property of a different person taken at a different time and place.

We do not believe that *People v. Vaini*, 33 Ill. App. 3d 246, 337 N.E.2d 234, supports the result reached by the trial court or that our views expressed in this opinion are inconsistent with the position in the *Vaini* case. In *Vaini* the property of more than one owner was taken at the same time and place. It is clear that the result would have been different had the property of different owners been taken at different times and places.

For the foregoing reasons the judgment of the circuit court of Peoria County on count one of the indictment is reversed and this cause is remanded to said court with directions that the judgment of conviction be reinstated and sentence imposed.

Judgment reversed and remanded with directions.

STENGEL, P. J., and SCOTT, J., concur.