THE PEOPLE OF THE STATE OF ILLINOIS, Plaintiff-Appellee, v. JOSE FUENTES, Defendant-Appellant.

Third District   No. 3—87—0233

Opinion filed August 1, 1988.

Mark D. Fisher, of State Appellate Defender's Office, of Ottawa, for appellant.

Gary L. Spencer, State's Attorney, of Morrison (Howard R. Wertz, of State's Attorneys Appellate Prosecutor's Office, of counsel), for the People.

JUSTICE BARRY delivered the opinion of the court:

Defendant, Jose Fuentes, was charged by information with one count of residential burglary and two counts of theft. One count of theft pertained to items belonging to John Pennington; the other, to items owned by Gladys Pennington. Specifically, defendant was alleged to have broken into and taken various possessions from the home of John and Gladys Pennington in Sterling, Illinois, on March 24, 1986. Following a jury trial, defendant was found guilty of all three counts. The trial court sentenced him to concurrent terms of imprisonment of 12 years for the residential burglary and five years for each count of theft. Defendant appeals.

■■ Defendant's first issue on appeal is whether he was denied his constitutional and statutory right to a prompt preliminary hearing. Defendant contends that he was never indicted and did not receive a preliminary hearing for probable cause until 73 days after his arrest for the offenses in question. The Penningtons' home was burglarized on March 24, 1986. Based on the information of an informant, defendant was arrested in Chicago in connection with the instant burglary on March 25, 1986. He was held in custody in Cook County jail until he was brought to Whiteside County for a preliminary hearing on June 5, 1986.

Defendant directs this court's attention to section 109—3.1 of the Code of Criminal Procedure of 1963 (Ill. Rev. Stat. 1985, ch. 38, par. 109—3.1), which requires that a defendant charged with a felony re-

ceive a preliminary hearing or an indictment within 30 days from the date he was taken into custody. From this, defendant argues that the 73-day delay between his arrest and preliminary hearing deprived him of his constitutional and statutory right to a prompt preliminary hearing.

The State argues that the defendant has waived this issue by failing to include it in his post-trial motion. We agree. Defense counsel orally moved to dismiss charges on June 5, prior to the preliminary hearing. In response, the prosecutor suggested that defendant was being held on other charges in Cook County. Defense counsel replied, "I don't believe that that has any significance. The fact is *** that he has been held here when they had knowledge of who he was and of the charges and still did not bring them before this court." The court thereupon denied defendant's motion.

The record contains no further elucidation of a basis for the motion to dismiss. We note that defendant was on probation for a Federal conspiracy offense at the time of his arrest in Chicago. However, it is not clear from the record why defendant was not brought to Whiteside County promptly following his arrest in Cook County. By failing to comply with the requirement that a motion to dismiss be made in writing and in a timely fashion, defendant is deemed to have waived any grounds he may have had for his motion. (Ill. Rev. Stat. 1985, ch. 38, par. 114—1(b).) Moreover, by failing to include the issue in his post-trial motion, defendant has deprived both the trial court and this court of a record from which it can be determined whether the trial court's pretrial ruling was in error. Nor does the record on appeal support consideration of the issue under the doctrine of plain error. Accordingly, we hold that the issue has been waived.

■ Next, defendant contends that he is entitled to a new sentencing hearing because the trial court failed to advise him of his right to elect treatment as an addict pursuant to the Alcoholism and Substance Abuse Act (Ill. Rev. Stat. 1985, ch. 111½, par. 6301 *et seq.*). The record discloses that defendant used cocaine on the night he committed the offenses for which he stands convicted. At his sentencing hearing, defendant's drug problems were brought out as a factor in mitigation. The presentence report contains numerous references to defendant's drug addiction and repeatedly relates drug use to defendant's pattern of criminality.

Under section 21 of the Act that was in effect when defendant was sentenced, he could have been eligible to elect treatment. Section 22 requires that the sentencing court advise a defendant that he may be eligible "[i]f a court has reason to believe that an individual *** is

an addict." (Ill. Rev. Stat. 1985, ch. 111½, par. 6322.) In *People v. Richardson* (1984), 104 Ill. 2d 8, 17, 470 N.E.2d 1024, 1029, our supreme court held that the court's duty to so advise is mandatory. The court cautioned, however, that "[t]he trial judge's mandatory advice does not guarantee that the defendant will receive treatment under the Act. It merely sets into motion the further procedures specified in the statute." On facts substantially similar to those before us today, the *Richardson* court remanded defendant's cause "with instructions that the defendant be advised of his eligibility for treatment under the *** Act." (104 Ill. 2d at 18.) Pursuant to *Richardson*, we find that a remand is required here as well.

■ Lastly, defendant contends that he should not have been convicted of more than one theft because, although more than one owner was victimized, the property was stolen from a single place and on a single occasion. The State argues that "owner" constitutes an essential element of theft, and where multiple owners are involved in an incident of theft of multiple articles of property, the prosecutor may seek and the court may impose cumulative punishments for the conduct.

In *People v. King* (1977), 66 Ill. 2d 551, 566, 363 N.E.2d 838, 844-45, our supreme court stated

"[p]rejudice results to the defendant only in those instances where more than one offense is carved from the same physical act. Prejudice, with regard to multiple acts, exists only when the defendant is convicted of more than one offense, some of which are, by definition, lesser included offenses. Multiple convictions and concurrent sentences should be permitted in all other cases where a defendant has committed several acts, despite the interrelationship of those acts. 'Act,' when used in this sense, is intended to mean any overt or outward manifestation which will support a different offense."

In this case, defendant's acts were the unauthorized entry into the Penningtons' home with intent to commit a theft (Ill. Rev. Stat. 1985, ch. 38 par. 19—3) and obtaining unauthorized control over their property (Ill. Rev. Stat. 1985, ch. 38, par. 16—1). The evidence established that defendant and his two partners drove to the Pennington home, forced open a sliding glass door and proceeded to ransack the Penningtons' bedrooms in search of valuables. Between $200,000 and $300,000 worth of jewelry, coins, cameras and equipment, luggage and other articles was taken from the home. The items were packed into bags and placed in the trunk and backseat of the car that defendant and his partners had parked in the adjoining garage. Then they

drove off, leaving the garage door open.

Focusing on defendant's acts, there is no question but that his conduct will support convictions for both residential burglary and theft. The evidence fails, however, to support multiple "overt or outward manifestations" of theft. Even though the several items stolen from the Pennington household came from different rooms and may have required multiple trips to carry bags from the house to the getaway car, there is no indication that defendant's acts were separable with respect to time or place or John and Gladys' separately owned property. Based on the *King* definition of "act," we hold that a single act of theft was committed. Our conclusion is consistent with longstanding precedent in this State that "where a theft of property belonging to different owners is committed at the same place and at the same time, there is but one offense." (*People v. Vaini* (1975), 33 Ill. App. 3d 246, 248, 337 N.E.2d 234, 236, citing *People v. Israel* (1915), 269 Ill. 284, 109 N.E. 969.) Accordingly, we vacate defendant's conviction and sentence for the count III theft.

For the foregoing reasons, we affirm defendant's convictions under count I, residential burglary, and count II, theft; we vacate defendant's conviction and sentence under count III, theft; and we remand this cause for further proceedings consistent with this opinion.

Affirmed in part; reversed in part and remanded.

STOUDER and HEIPLE, JJ., concur.